**Alexander HATCHER, Appellant**

v.

**The CITY OF GALVESTON, Appellee.**

**No. 01–88–00872–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 20, 1989.

---

Jack D. Ewing, Jr., Galveston, for appellant.

Fred D. Raschke, Ronald E. Braswell, Mills, Shirley, Eckel, & Bassett, Galveston, for appellee.

Before O'CONNOR, WARREN and COHEN, JJ.

O'CONNOR, Justice.

Plaintiff, Alexander Hatcher, sued Houston Lighting & Power and the City of Galveston for negligence. The trial court granted Galveston's motion for summary judgment, severed the action, and entered a final judgment in favor of the City. Plaintiff attacks that summary judgment in this appeal.

On August 5, 1983, while jogging along a street in Galveston, plaintiff fell into a three-feet deep hole. Over a year later, on August 10, 1984, plaintiff gave the City written notice of his claim and filed suit.

The City's charter requires a person to give notice of any claim within 45 days of the injury. In his petition, plaintiff claimed he was not able to give timely notice because he was incapacitated. In support of his allegation, he attached an affidavit to his petition stating:

> On August 5, 1983 I was jogging on 32nd Street and suddenly fell in a deep hole at the corner of 32nd and Avenue R in the City of Galveston.
>
> I injured my left leg and was hospitalized from August 6, 1983 to September 24, 1983; from October 31, 1983 to November 28, 1983; from January 9, 1984 to January 17, 1984; March 12, 1984; from April 27, 1984 to May 30, 1984; and from June 22, 1984 to the present day. To the best of my knowledge I have had 9 surgeries on my left leg. My left knee joint has been surgically removed and a rod inserted in its place. I am no longer able to bend my leg. I am in the hospital at the present time recovering from surgery performed August 9, 1984. I have been continuously incapacitated since August 5, 1983.[1]

The affidavit is dated August 13, 1984.

The City filed a motion for summary judgment asserting the notice requirement as a bar to the suit. The City attached the affidavits of two physicians who treated plaintiff from August 6, 1983, to September 24, 1983. Both doctors said plaintiff was able to communicate with them and understood his treatment. The City also directed the trial court to plaintiff's testimony in a deposition, which suggested plaintiff was able to communicate with his family and that plaintiff had decided to sue the City within three weeks of the injury. Further, the City argued that plaintiff's suit was not tolled by the tolling statute in the Texas Practice and Remedies Code.[2]

In his response, plaintiff urged that his affidavit raised a material fact issue about his capacity. Plaintiff also argued that he gave the City notice five days after he was able to retain counsel in June of 1984. We do not find that notice in the record.

Plaintiff raises five points of error on appeal, but waives two of them. In his third point of error, plaintiff challenges the constitutionality of the notice provision under the open courts doctrine. In his fourth point of error, plaintiff contends he raised a fact issue as to whether the City received actual notice of his injury. Both points raise arguments not presented to the trial court. They are not, therefore, properly before this Court. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671,

---

1. Plaintiff's affidavit is typed here as in the original.

2. *See* Tex.Prac. & Rem.Code Ann. sec. 16.001 et seq. (Vernon 1986).

678 (Tex.1979); *see also City of San Antonio v. Schautteet,* 706 S.W.2d 103, 104 (Tex.1986) (open courts argument should not be addressed when not raised in trial court); Tex.R.Civ.P. 166a(c). We overrule points of error three and four.

In plaintiff's first, second, and fifth points of error, plaintiff argues that the trial court erred in granting summary judgment because he raised a material fact issue about his capacity to give notice. He directs this Court to his affidavit and statements in his deposition. He also argues that the doctors' affidavits do not establish his capacity as a matter of law.

Plaintiff's petition and exhibits establish that he did not give notice within the charter's notice period. The summary judgment was proper unless plaintiff raised a fact issue that would excuse his failure to give proper notice. *See City of Houston v. Torres,* 621 S.W.2d 588, 591 (Tex.1981).

The City argues that the tolling provision of the Texas Practice and Remedies Code applies, and plaintiff did not bring himself within the only applicable exception—unsound mind. The Code defines legal disability and the effect of a disability on limitations. Tex.Civ.Prac. & Rem.Code Ann. sec. 16.001 (Vernon Supp.1989).[3] The City does not cite any cases that apply section 16.001 to notice requirements under city charters. We also note that by its own terms, section 16.001 applies only to the limitations periods set out in the Code.[4] Section 16.001 does not mention city charters.

Texas courts have long recognized exceptions to notice requirements in city charters when a party is unable to comply. These exceptions include physical as well as mental incapacity. *See City of Houston v. Torres,* 621 S.W.2d at 591; *McCrary v. City of Odessa,* 482 S.W.2d 151, 153 (Tex. 1972); *City of Tyler v. Ingram,* 157 S.W.2d 184, 189 (Tex.Civ.App.—Tyler 1941), *rev'd on other grounds,* 139 Tex. 600, 164

S.W.2d 516 (Tex.1942). Plaintiff's affidavit was sufficient to raise a fact issue as to his physical capacity to comply with the notice requirement. It establishes that plaintiff was hospitalized continuously for 50 days immediately after his injury and was "continuously incapacitated [from] August 5, 1983."

We sustain plaintiff's first, second, and fifth points of error and reverse the judgment of the trial court.

---

3. Formerly Tex.Rev.Civ.Stat.Ann. art. 5535, ch. 309, sec. 3, 1967 Tex.Gen.Laws 735, 740, *repealed by* ch. 959, sec. 9, 1985 Tex.Gen.Laws 3242, 3322, and *recodified by* ch. 959, sec. 1, 1985 Tex.Gen.Laws 3242, 3252.

4. Section 16.001 begins: "(a) For the purposes of this subchapter ..."