**Nghia Thi DINH, Individually and as Next Friend of Tri Quang Huynh, Appellant,**

v.

**HARRIS COUNTY HOSPITAL DISTRICT, Appellee.**

No. 01–94–00416–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 26, 1995.

Rehearing Overruled April 6, 1995.

Les Weisbrod, Michael S. Box, Reesa D. Hedrick, Bruce Pauley, Houston, for appellant.

Mike Driscoll, Glen Van Slyke, Houston, for appellee.

Before HUTSON–DUNN, ANDELL and DUGGAN, JJ.

## OPINION

LEE DUGGAN, Jr., Justice (Retired).*

Appellant, Nghia Thi Dinh (Dinh), individually and as next friend of her husband Tri Quang Huynh (Huynh), appeals from a take-nothing summary judgment in favor of appellee, the Harris County Hospital District (the Hospital). In four points of error, Dinh argues that summary judgment was improper; in one cross-point, the Hospital contends we lack jurisdiction to hear this appeal. We reverse and remand.

### Summary of Facts

This is a medical malpractice suit brought by Dinh for injuries suffered by Huynh while he was hospitalized at the Lyndon B. Johnson General Hospital, a division of the Harris County Hospital District. Huynh was admitted on July 9, 1991 for gastrointestinal bleeding. A blood transfusion was ordered at 4:00 p.m. that day but not administered until 11:45 p.m., when doctors discovered Huynh was unable to move or speak. Later, Huynh was diagnosed as suffering from a stroke.

On or about February 28, 1992, some seven months later, the Hospital was notified of the claim against it. Less than two years from the date of injury, suit was filed against the Hospital and the individual defendants not parties to this appeal.

On January 28, 1994, the Hospital moved for summary judgment against Dinh and Huynh based on their non-compliance with the six-month notice requirement of the Texas Torts Claims Act. TEX.CIV.PRAC. & REM. CODE ANN. § 101.101(a) (Vernon 1986). On February 8, 1994, the plaintiffs filed an amended petition naming Dinh as next friend of Huynh and claiming that Huynh had been mentally incompetent since the date of his injury such that he was excused from the notice requirement. Dinh also filed a response to the motion for summary judgment. The Hospital's motion for summary judgment was granted on February 22, 1994, and

its motion for severance was granted on March 22, 1994.

### Jurisdiction

█ We first address the Hospital's cross-point challenging our jurisdiction. The Hospital complains that summary judgment was rendered against "plaintiffs" and that Dinh's execution of an appeal bond is insufficient to bring Huynh before this Court. The Hospital further argues that any jurisdiction over Dinh is moot because her claim derives from that of her husband.

The record contains an "appeal bond" that refers to both Dinh and Huynh as appellants but is signed only by Dinh. This document is redundant because Dinh tendered a timely deposit of $1,000 cash in lieu of an appeal bond. TEX.R.APP.P. 46(b). The clerk's certificate of receipt repeatedly refers to "appellants" as "Nghia Thi Dinh, individually and as next friend of Tri Quang Huynh." We conclude that we have jurisdiction over both Dinh and Huynh and address their challenge to the court's summary judgment.

### Summary Judgment

#### 1. Standard of Review

█ The movant for summary judgment must establish that it is entitled to judgment as a matter of law and that there is no genuine issue of material fact. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). On review, this Court must view the evidence in the light most favorable to appellant and resolve all doubts in the non-movant's favor. *Id.* at 548–49.

█ When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment may be affirmed on any meritorious theory advanced in the motion. *Insurance Co. of N. Am. v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ). Here, the summary judgment is not specific, but the only ground urged in the Hospital's motion is appellant's failure to comply with the statutory notice. Thus, the summary judgment is

* Justice Duggan, who retired on December 31, 1994, continues to sit by assignment for the disposition of this case, which was submitted prior to that date.

proper unless Dinh raises a fact issue that would excuse her failure to give proper notice. *Hatcher v. City of Galveston,* 775 S.W.2d 37, 39 (Tex.App.—Houston [1st Dist.] 1989, no writ).

## 2. Incapacity Excuse

In her first three points of error, Dinh claims the trial court erred in granting summary judgment because (1) the notice requirement of the Texas Tort Claims Act is not applicable to those suffering from a mental incapacity; (2) a genuine issue of fact exists regarding whether Huynh is mentally incompetent; and (3) the notice requirement violates the "open courts" provision of the Texas Constitution. Because of their similarity, these points of error will be discussed together.

■ The Texas Tort Claims Act[1] waives governmental immunity for negligent acts in certain circumstances. TEX.CIV.PRAC. & REM.CODE ANN. § 101.025 (Vernon 1986); *Brown v. Owens,* 674 S.W.2d 748, 750 (Tex. 1984). To comply with the Act's requirements, a claimant must notify the governmental unit of the negligent act not later than six months after the incident. TEX.CIV. PRAC. & REM.CODE ANN. § 101.101(a) (Vernon 1986).

■ The notice must reasonably describe the damage or injury, the time and place of the incident, and the incident. *Id.* If the governmental unit has actual notice that the claimant received some injury, the notice requirement does not apply. *Id.* § 101.101(c). The notice provision ensures a prompt reporting of claims and enables the governmental unit to investigate a claim while the facts are fresh and conditions remain substantially the same. *City of Houston v. Torres,* 621 S.W.2d 588, 591 (Tex.1981).

■ Dinh does not dispute that the Hospital is a governmental unit for purposes of the Act or that she failed to timely notify the Hospital. She contends, however, that mental incapacity excuses compliance with the Act's notice requirement; and, if it does not, the Act is unconstitutional. Dinh relies upon *Tinkle v. Henderson,* 730 S.W.2d 163, 167 (Tex.App.—Tyler 1987, writ ref'd), and a series of cases involving city charters. *See, e.g., Alvarado v. City of Lubbock,* 685 S.W.2d 646, 649 (Tex.1985) (finding actual notice); *Torres,* 621 S.W.2d at 591 (finding no good cause excuse to the notice requirement).

In *Tinkle,* summary judgment was granted in favor of the health care providers based on the plaintiff's failure both to provide the six-month notice and to file suit within the two-year statute of limitations.[2] 730 S.W.2d at 165. The judgment was reversed and remanded because (1) the statute of limitations violated the open courts provision when it barred a cause of action for one continuously mentally incompetent and (2) a material fact issue existed as to Tinkle's mental incapacity. *Id.* at 167.

The *Tinkle* court applied the open courts provision, which provides, "All courts shall be open, and every person for an injury done him, and his land, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. This provision is premised upon the rationale that the legislature has no power to make a remedy contingent upon an impossible condition. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 355 (Tex.1990).

■ To establish an open courts violation, a litigant must show that (1) he has a well recognized common-law cause of action that is being restricted and (2) the restriction is unreasonable or arbitrary when balanced against the purpose of the statute. *Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex.1983); *University of Texas Medical Branch at Galveston v. Greenhouse,* 889 S.W.2d 427, 430 (Tex.App.—Houston [1st Dist.], Sept. 15, 1994, n.w.h.) (designated for publication). If

---

1. Texas Tort Claims Act, 61st Legis., R.S., ch. 292, § 16, 1969 Tex.Gen.Laws 874, 878, *repealed by* Act of June 16, 1985, 69th Legis., R.S., ch. 959, §§ 1, 9(1), 1985 Tex.Gen.Laws 3242, 3305, 3322 (enacting the Texas Civil Practice and Remedies Code).

2. Act of June 3, 1975, 64th Leg., R.S., ch. 330, § 1, 1975 Tex.Gen.Laws 864, 865–66, *repealed by* Medical Liability and Insurance Improvement Act, 65th Leg., R.S., ch. 817, pt. 1, 1977 Tex.Gen. Laws 2039, 2052 (*current version at* TEX.REV.CIV. STAT.ANN. art. 4590i, § 10.01 (Vernon Supp. 1995)).

a cause of action was not recognized at common law, but was itself created by the legislature, any legislative restriction would not be a true abrogation of a constitutional right. *Moreno*, 787 S.W.2d at 355. Rather, the legislature would simply not have granted as extensive a right as it might have. *Id.*

The *Tinkle* court assumed that Tinkle's cause of action was a common-law claim for medical malpractice. *See* 730 S.W.2d at 167. The court did not distinguish Tinkle's claim against the defendant hospital, which apparently was a governmental unit entitled to notice under the Texas Tort Claims Act. *See id.* at 165.[3]

■ Under the common-law doctrine of sovereign immunity, the State is not liable for negligence absent a constitutional or statutory provision. *University of Texas Medical Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex.1994). But for the Act, the doctrine of sovereign immunity would have precluded Dinh's lawsuit against the Hospital, an arm of the State. Her suit is a statutory cause of action that exists solely by virtue of the Act. *Greenhouse*, 889 S.W.2d at 431; *Texas Dep't of Mental Health and Mental Retardation v. Petty*, 817 S.W.2d 707, 721 (Tex.App.—Austin 1991), *aff'd*, 848 S.W.2d 680 (Tex.1992).

Thus, Dinh cannot meet the first prong of the open courts test because she does not have a "well-recognized common law cause of action." We hold that the notice provision of the Texas Tort Claim Act does not violate the open courts provision even when applied to those suffering from a mental incompetency.

Dinh refers us to a series of cases that permit a party laboring under a physical, mental, or legal incapacity (such as minority) to be excused from compliance with municipal notice requirements. *See, e.g., McCrary v. City of Odessa*, 482 S.W.2d 151, 153 (Tex. 1972); *City of Waco v. Landingham*, 138 Tex. 156, 157 S.W.2d 631, 633 (1941); *Hatcher*, 775 S.W.2d at 39. City notice require-

ments are ratified by the Act. Tex.Civ.Prac. & Rem.Code Ann. § 101.101(b) (Vernon 1986).

The courts created notice exemptions because the right to recover from a municipality is a common-law cause of action to which the open courts provision applies. *Moreno*, 787 S.W.2d at 355 (discussing *Hanks v. City of Port Arthur*, 121 Tex. 202, 48 S.W.2d 944, 946–50 (1932)); *McCrary*, 482 S.W.2d at 153. As discussed above, the right to recovery from the State is a statutory cause of action to which the open courts provision is not applicable. *York*, 871 S.W.2d at 177. Thus, the exemptions to the Act's notice requirement are limited to claims against municipalities. *See Greenhouse*, 889 S.W.2d at 431.

■ Once a party invokes the procedural devices of the Texas Tort Claims Act to bring a cause of action against the State, then the party is bound by the limitations and remedies provided in the statute. *State Dep't of Highways v. Dopyera*, 834 S.W.2d 50, 54 (Tex.1992). Dinh, by bringing a claim against the Hospital under the Act, is bound by the notice provision, which does not excuse or toll the time period for those suffering from mental or physical incapacity. The open courts provision cannot remedy this situation. Thus, any issue of Huynh's incompetency raised by the summary judgment evidence is irrelevant.

We overrule appellant's first three points of error.

**3. Actual Notice Excuse**

■ In her fourth and final point of error, Dinh contends the trial court erred in granting summary judgment because a genuine issue of material fact exists regarding whether the Hospital had actual notice of her claim. She argues that the Hospital had actual notice of Huynh's injuries through its own medical records.

■ The Act's notice requirement does not apply if a governmental unit has actual notice that a claimant received injuries. Tex. Civ.Prac. & Rem.Code Ann. § 101.101(c) (Vernon 1986). Actual notice is information

---

3. The common-law distinction was also not made in *Rath v. State*, 788 S.W.2d 48, 51 (Tex.App.— Corpus Christi 1990, writ denied), which sug-

gests in dicta that mental and physical incapacity may be exemptions to the Act's notice requirement.

reasonably describing the injury and the time, manner, and place of the incident. *Huckabay v. Irving Hosp. Found.*, 802 S.W.2d 758, 761 (Tex.App.—Dallas 1990, writ denied). Intent to file a claim is not an essential element. *Rosales v. Brazoria County*, 764 S.W.2d 342, 344 (Tex.App.—Texarkana 1989, no writ).

 The existence of actual notice is a question of fact. *Parrish v. Brooks*, 856 S.W.2d 522, 525 (Tex.App.—Texarkana 1993, writ denied). Actual notice is not limited to a particular official of local government, such as a hospital administrator. *Rosales*, 764 S.W.2d at 344. It may be imputed to the government by an agent or representative who has a duty to gather facts and investigate. *Id.*; *City of Galveston v. Shu*, 607 S.W.2d 942, 946 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Hospital employees may have a duty to gather facts and investigate incidents. *Texas Tech Univ. Health Ctr. v. Apodaca*, 876 S.W.2d 402, 412 (Tex.App.—El Paso 1994, writ denied).

 The mere existence of medical records is insufficient to raise a fact issue about actual notice. *Parrish v. Brooks*, 856 S.W.2d 522, 525 (Tex.App.—Texarkana 1993, writ denied); *Bourne v. Nueces County Hosp. Dist.*, 749 S.W.2d 630, 632 (Tex.App.—Corpus Christi 1988, writ denied). However, medical records may create a fact issue if they indicate to the hospital its possible culpability in causing the injuries. *Parrish*, 856 S.W.2d at 525 (citing *Bourne*, 749 S.W.2d at 632).

The Hospital's summary judgment proof includes the affidavit of Bernadette Hadash, records custodian, who denies any actual or timely statutory notice. The Hospital contends that Dinh filed no affidavit or other summary judgment evidence to contradict Hadash's affidavit. On the contrary, Dinh filed the affidavit of her attorney which attaches Huynh's medical records. Dinh's response to summary judgment alleges that the records show actual notice, and she provided the records to support her allegations.

The medical records indicate not only that Huynh suffered a cerebral vascular "accident" of "indeterminate age," but also that blood was ordered at 3:55 p.m. and not administered until 11:45 p.m. During the delay, nurses' noted Huynh's deteriorating physical and mental condition. Laboratory reports showed a decreasing hemoglobin count. In response, a doctor was paged at 8:30 p.m. but did not examine Huynh until 11:30 p.m., when blood was once again ordered. The nurses notes for the next day show that Huynh continued to receive blood, was weak on the right side of his body, and did not speak.

In addition to the medical records, Dinh filed the affidavit of Huynh's treating physician, Dr. Triet Huynh, who concludes after reviewing the records that Huynh suffered a stroke while in the Hospital. The Hospital filed no reply negating the causal connection between Huynh's stroke and the eight-hour delay in treatment.

The records themselves are contradictory as to the time, manner, and place of Huynh's stroke. The evidence that the Hospital's personnel delayed treatment combined with the evidence of Huynh's deteriorating condition suggests the possibility the Hospital caused Huynh's injuries.

We find that the records raise a fact issue as to the Hospital's actual notice of Huynh's injury; we sustain appellant's fourth point of error.

We reverse the judgment of the trial court and remand the cause.