Maria **REYNOSA** and Antonio Reynosa, Individually and as Next Friend of David Reynosa, A Minor, Appellants,

v.

**BEXAR COUNTY HOSPITAL DISTRICT** and the University of Texas Health Science Center at San Antonio, Appellees.

No. 04–96–00093–CV.

Court of Appeals of Texas, San Antonio.

Feb. 26, 1997.

Rehearing Overruled April 10, 1997.

Alan K. Laufman, Law Office of Alan K. Laufman, J.D., M.D., Dallas, Carol P. Lomax, Branton & Hall, P.C., San Antonio, for appellants.

Laura Cavaretta, Paul M. Green, Lang, Ladon, Green, Coghlan & Fisher, P.C., San Antonio, Anne L. Morgan, Assistant Attorney General, Tort Litigation Section, Austin, for appellees.

Before RICKHOFF, GREEN and DUNCAN, JJ.

RICKHOFF, Justice.

Maria and Antonio Reynosa, individually and as next friend of their son David Reynosa ("the Reynosas"), appeal a summary judgment granted in favor of appellees Bexar County Hospital District and the University of Texas Health Science Center at San Antonio ("UTHSC") under the notice provision of the Texas Tort Claims Act ("TTCA"). The Reynosas contend the trial court erred in finding the Bexar County Hospital District and UTHSC did not have actual notice of their son's injury. We affirm the trial court's judgment as to the Bexar County Hospital District and reverse and remand the trial court's judgment as to UTHSC.

## PROCEDURAL HISTORY

David Reynosa was born November 20, 1989 at Medical Center Hospital in San Antonio. It soon became apparent he had suffered brain damage just before birth. The Reynosas contend this injury occurred because the medical team was negligent in monitoring David's condition during Maria Reynosa's labor and so failed to prevent the complications that caused the injury.

The record shows the Reynosas first formally notified appellee Bexar County Hospital District of their claim on October 31, 1991 and appellee UTHSC on January 2, 1992, and filed suit against appellees on January 10, 1992. Appellees sought and won a summary judgment under the notice provisions of the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.101 (Vernon 1986):

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

(1) The damage or injury claimed;

(2) the time and place of the incident;

(3) the incident.

It is undisputed that the Reynosas' formal notice did not meet the requirements of the statute. Rather, their claim is that the appellees had actual notice under TEX.CIV.PRAC. & REM.CODE ANN. § 101.101(c):

(c) The notice requirement provided ... in Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

For purposes of the TTCA, actual notice to a governmental unit requires knowledge of

(1) a death, injury or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury or property damage; and (3) the identity of the parties involved. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995).

## STANDARD OF REVIEW

To prevail on a motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c). A defendant who conclusively negates at least one of the essential elements of each of the plaintiff's causes of action or who conclusively establishes all of the elements of an affirmative defense is entitled to summary judgment. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). Notice under the TTCA is considered an essential· element of the offense for summary judgment purposes. *Texas Tech Univ. Health Center v. Apodaca,* 876 S.W.2d 402, 411 (Tex.App.—El Paso 1994, writ denied).

In reviewing a summary judgment, we must accept as true evidence in favor of the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

If a state entity moves for summary judgment under the notice provisions of the Texas Tort Claims Act, and provides the trial court with proof that it did not have formal notice in the form of an affidavit, and there is no genuine issue of material fact concerning actual notice, the entity is entitled to summary judgment. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995); *Wesela v. University of Texas Medical Branch,* 899 S.W.2d 292, 294 (Tex.App.—Houston [14th Dist.] 1995, no writ).

In their two points of error the Reynosas challenge the sufficiency of the summary judgment proof and argue they have raised a fact issue as to the actual notice issue. We will consider these points together and consider each appellee in turn.

## UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER

UTHSC's summary judgment evidence is fatally flawed because it does not conclusively negate the notice issue.

■ UTHSC's summary judgment evidence contains only a notice letter from the Reynosas' counsel dated January 2, 1992 and an affidavit swearing to that letter's authenticity. UTHSC's affidavit is sufficient to establish that no formal notice was given UTHSC within the limitations period. This was never in dispute; the crux of appellant's case is that UTHSC had actual notice within the limitations period, and UTHSC, on this record, does not negate this contention. And it has not been established as a matter of law in Texas that a hospital cannot be put on notice for purposes of the statute from information in its records; *see Dinh v. Harris County Hospital District,* 896 S.W.2d 248 (Tex.App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.) While UTHSC's pleading alleges no actual or formal notice within the period, pleadings are not proof. *Hidalgo v. Sur. Sav. & Loan Ass'n,* 462 S.W.2d 540, 543 (Tex.1971). Because UTHSC does not dispute the Reynosas' contention that it had actual notice within the limitations period, it does not show itself entitled to judgment as a matter of law. *Nixon,* 690 S.W.2d at 548–549.

At oral argument, UTHSC's counsel urged that *Wesela,* 899 S.W.2d at 292, stands for the proposition that once a defendant denies formal notice on summary judgment, the burden shifts to a plaintiff to come forward with some evidence to support a claim of notice, injury and negligence. We decline to read *Wesela* in this fashion; and if that is indeed what *Wesela* stands for, we decline to follow it. The question on appeal under Texas' summary judgment practice is whether summary judgment proof establishes as a matter of law that there is no genuine issue of material fact. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). A defendant is not entitled to a summary judgment merely because there is "no evidence" to support a plaintiff's allegations. Timothy Patton, Summary Judgments in Texas— Practice, Procedure and Review

§ 5.03[2][a] (1995). Appellant's point of error number two as to UTHSC is sustained.

## BEXAR COUNTY HOSPITAL DISTRICT

Bexar County Hospital District's summary judgment evidence includes a notice letter from the Reynosas' counsel dated October 31, 1991 and an affidavit affirming not only the letter's authenticity, but also that this letter constituted the district's first formal notice of a claim and that the district did not have actual notice of the Reynosas' claim prior to the letter's receipt. This is sufficient to show entitlement to judgment as a matter of law, and to shift the burden to the Reynosas to refute this entitlement. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995).

### Medical Records and Actual Notice

■ The Reynosas seek to show actual notice to the hospital district through its medical records and through the knowledge of its agents.

In evaluating actual notice on summary judgment, the standard is whether the defendant had actual notice of any alleged culpability on its part producing or contributing to any injury to the plaintiff. *Cathey*, 900 S.W.2d at 341.

In *Cathey*, plaintiffs sued a doctor and hospital after their child was stillborn. Defendants won summary judgment in the trial court on their argument that plaintiffs failed to comply with the formal notice provision of the Texas Tort Claims Act. Plaintiffs argued the hospital had actual notice because the actual notice requirement meant only that a governmental unit have knowledge that a death, an injury or property damage had occurred. *Id.* The Texas Supreme Court held that the plaintiffs' version of actual notice would render the statute meaningless:

The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims and prepare for trial. The interpretation of section 101.101(c) urged by the Booths would eviscerate the purpose of the statute, as it would impute actual notice to a hospital from the knowledge that a patient received treatment at its facility or died after receiving treatment. For a hospital, such an interpretation would be the equivalent of having no notice requirement at all because the hospital would be required to investigate the standard of care provided to each and every patient that received treatment.

*Cathey*, 900 S.W.2d at 341 (citation omitted).

The court held that a plaintiff's expert reading the hospital records and detailing where the records showed the hospital's negligence was inadequate as a matter of law to convey notice to the defendant institution. *Id.*

■ However, hospital records plus something more *can* raise a fact question on notice for purposes of the statute and so make summary judgment inappropriate. The key prong focused on by the courts is the notice of culpability prong. When a health care provider should have known from its records that its negligence was more likely than not the cause of plaintiff's injuries, a fact issue will have been raised on the actual notice issue sufficient to thwart summary judgment. *Dinh v. Harris County Hospital District*, 896 S.W.2d 248 (Tex.App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.)

In *Dinh*, plaintiff was brought to the emergency room for gastrointestinal bleeding; a blood transfusion was ordered. Five hours later, plaintiff's condition was obviously deteriorating and the transfusion still had not been administered. At that time, a doctor was paged to re-examine the man. Three hours later, a doctor finally checked up on plaintiff and found him unable to speak or respond; it was at this point that the transfusion was finally administered. *Dinh*, 896 S.W.2d at 253. The court found that records *could* constitute actual notice when such delay in treatment, combined with the evidence of the man's deteriorating physical condition during the delay—and an expert's testimony making the causal connection between the plaintiff's injury and the hospital's conduct—raised a fact issue as to whether the hospital's conduct caused the injuries. *Dinh*, 896 S.W.2d at 253. We now consider whether

the Reynosas' summary judgment evidence rises to this level.

The medical records of David Reynosa before the trial court on summary judgment consisted of handwritten reports by doctors and nurses documenting the extent of David Reynosa's injuries, and a fetal heart tone monitoring strip and handwritten note by Jane Christofferson, R.N. The Reynosas place great importance on these last two items, arguing that any person who saw the strip and Christofferson's note would have actual notice of the claim. This is not enough; these records must communicate culpability in David Reynosa's injury. Moreover, there is no expert testimony to causally connect the hospital's conduct( as reflected in these records) with David Reynosa's injury, which is crucial to the question of actual notice under the TTCA. *Dinh*, 896 S.W.2d at 253. This evidence is therefore inadequate as a matter of law to put the hospital on notice as to its potential culpability in David Reynosa's birth injuries, and therefore inadequate to thwart summary judgment. *Id.*

### Knowledge of Agents and the TTCA

■ The Reynosas urge that notice can be imputed to Bexar County Hospital District through its agents. They argue this knowledge of culpability can be inferred from:

- A conference on cesarian deliveries at which David Reynosa's case was discussed.
- A review of the case by the chief of obstetrics.
- The fact that the case was reported to the clinical nursing director for labor and delivery.
- The fact that Maria Reynosa told an attending physician in the Intensive Care Unit that she blamed the hospital for her son's injuries.
- The fact that a key fetal heart tone monitoring strip was found, along with a report written by Christofferson, in a separate file.

The Reynosas argue, without citation of authority, that these items aggregate into a showing that the hospital had knowledge via its agents sufficient to charge the hospital with actual notice that a claim would be forthcoming. But once again, the hospital must have been made aware of its potential culpability by its agents before it will be construed as "actual notice" for purposes of section 101.101(c) of the Texas Tort Claims Act. *Parrish v. Brooks*, 856 S.W.2d 522 (Tex.App.—Texarkana 1993, writ denied).

In *Parrish*, a patient died after receiving care at one hospital's emergency room and being transferred to another hospital. The plaintiffs asserted the first hospital was negligent in its treatment of the patient; the hospital asserted the TTCA notice provision in its defense. Plaintiffs argued the hospital had actual notice of the incident via two of its doctors. One of the physicians consulted by the emergency room physicians on that case that night served on the hospital's credentials and executive committees; another doctor connected with the hospital reviewed the patient's records. The court held this was inadequate to raise a fact issue on actual notice, stressing that neither doctor concluded the hospital was culpable in the patient's death. *Parrish*, 856 S.W.2d at 525–526. *Cf. Petta v. Rivera*, 923 S.W.2d 678, 683–684 (Tex.App.—Corpus Christi 1996, writ denied) (Department of Public Safety report on high-speed chase by trooper sufficient to show culpable conduct on the part of the department which caused injury).

Here, the Reynosas have failed to show any agent of Bexar County Hospital District concluded the hospital was responsible in some way for David Reynosa's injuries.

We hold the Reynosas failed to raise a fact issue with respect to actual notice under the TTCA as to Bexar County Hospital District. Appellants' points of error as to Bexar County Hospital District are overruled.

### CONCLUSION

The trial court's judgment as to appellee Bexar County Hospital District is AFFIRMED. The trial court's judgment as to appellee University of Texas Health Science

Center at San Antonio is reversed and remanded.