COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO. 2-09-337-CV

 

 

CITY OF WICHITA FALLS                                                      APPELLANT

 

                                                   V.

 

ALFRED
JENKINS, SHEILA                                                    APPELLEES

CALHOUN, AND SUMMER 

CALHOUN                                                                                          

 

                                              ------------

 

             FROM THE 78TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

The City of Wichita Falls appeals from the trial
court=s order denying its plea to the jurisdiction in
this Texas Tort Claims Act (TTCA) case involving a City automobile.  In two issues, the City contends that it did
not have either actual or formal notice of appellees= injuries within forty-five days after the accident
as required by the TTCA.  Because we hold
that the City did receive the required statutory notice, as well as actual
notice, we affirm.








                                     Procedural
Background

Appellees Alfred Jenkins, Sheila Calhoun, and
Summer Calhoun sued the City on July 16, 2009, alleging that on May 8, 2008,
they were involved in an accident with Officer Stephen Becknal, who was driving
a City-owned vehicle.  According to appellees, Summer, the driver,
and Alfred and Sheila, the passengers, were in a car that was stopped at a red
light with Officer Becknal=s vehicle behind them.  They alleged that A[s]uddenly and without warning, [Officer] Becknal
began to accelerate striking@ appellees= vehicle. 
They further alleged that Officer Becknal was acting within the course
and scope of his employment with the City.

The City filed a plea to the jurisdiction
contending that appellees did not give the City timely, adequate notice of
their injuries as required by the TTCA in that they did not Adescribe the nature and extent of their injuries.@  The City
claimed that because it did not receive the required notice, it was immune from
appellees=
suit.  The trial court denied the plea
after a hearing, and the City filed this interlocutory appeal.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 51.014(a)(8) (Vernon 2008).

                                       Standard
of Review








Governmental immunity defeats a trial court=s subject matter jurisdiction and thus is
properly asserted in a plea to the jurisdiction.  See Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225B26 (Tex. 2004); Tex. Dep=t of Transp. v. Andrews, 155 S.W.3d 351, 355B56 (Tex. App.CFort Worth 2004, pet. denied).  The trial court must determine at its
earliest opportunity whether it has the constitutional or statutory authority
to decide the case before allowing the litigation to proceed.  Miranda, 133 S.W.3d at 226.

We review the trial court=s ruling on a plea to the jurisdiction based on
immunity from suit under a de novo standard of review.  Id. at 225B26, 228; Tex. Natural Res. Conservation Comm=n v. IT‑Davy, 74 S.W.3d 849, 855 (Tex. 2002); Andrews,
155 S.W.3d at 355.   Whether undisputed
evidence of jurisdictional facts establishes a trial court=s jurisdiction is a question of law. Miranda,
133 S.W.3d at 226.








If a plea to the jurisdiction challenges the
existence of jurisdictional facts, we consider relevant evidence submitted by
the parties when necessary to resolve the jurisdictional issues raised, as the
trial court is required to do.  Miranda, 133 S.W.3d at 227; Bland
ISD v. Blue, 34 S.W.3d 547, 555 (Tex. 2000); Andrews, 155 S.W.3d at
355.  If the evidence creates a fact
question regarding the jurisdictional issue, then the trial court cannot grant
the plea to the jurisdiction, and the fact issue will be resolved by the
factfinder. Miranda, 133 S.W.3d at 227B28; Andrews, 155 S.W.3d at 355.  But if the relevant evidence is undisputed or
fails to raise a fact question on the jurisdictional issue, the trial court
rules on the plea to the jurisdiction as a matter of law.  Miranda,
133 S.W.3d at 228; Andrews, 155 S.W.3d at 355. This standard generally
mirrors that of a traditional summary judgment. Miranda, 133 S.W.3d at
228; see Tex. R. Civ. P. 166a(c).

Although actual notice is a fact question when
the evidence is disputed, in many instances it can be determined as a matter of
law.  Tex. Dep=t of Criminal Justice v. Simons, 140 S.W.3d 338, 348 (Tex. 2004).  Here, the parties do not dispute the facts
presented on the jurisdictional issue, they simply dispute the legal
significance of that evidence. 
Accordingly, we will review the trial court=s ruling as a matter of law.  See id.; Miranda, 133 S.W.3d at
226. 

                                       Notice
Under TTCA








The TTCA waives a governmental entity=s immunity from suit and liability for damage and
injury caused by the wrongful act or omission, or negligence, of an employee
operating or using a motor vehicle within the scope of employment.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.021 (Vernon 2005); City of San Angelo
Fire Dep=t
v. Hudson, 179 S.W.3d 695, 699
(Tex. App.CAustin
2005, no pet.).  To invoke the TTCA=s waiver of sovereign immunity, a claimant must
provide the governmental unit with formal, written notice of the claim against
it within six months of the incident giving rise to the claim, or within a
different lawful period specified in a city charter and ordinance.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.101(a)B(b) (Vernon 2005); Nat=l Sports & Spirit, Inc. v. Univ. of N. Tex., 117 S.W.3d 76, 79 (Tex. App.CFort Worth 2003, no pet.); see Tex. Gov=t Code Ann. ' 311.034 (Vernon Supp. 2009) (providing that
notice is a jurisdictional requirement). 
The City has provided for a forty-five day notice period.  Wichita Falls, Tex., Code of Ordinances ch.
2, art. IX, sec. 2-1091(a) (2006), available at http://library.municode.com/index.aspx?clientId=12090&stateId=43&stateName=Texas.  However, the formal notice requirement does
not apply if the governmental unit Ahas actual notice . . . that the claimant has
received some injury, or that the claimant=s property has been damaged.@  Tex. Civ.
Prac. & Rem. Code Ann. ' 101.101(c); Nat=l Sports & Spirit, 117 S.W.3d at 79.  The notice must reasonably describe the
damage or injury claimed, the time and place of the incident, and the
incident.  Tex. Civ. Prac. & Rem.
Code Ann. ' 101.101(a).  The purpose of the notice requirement is to
ensure prompt reporting of claims so that governmental units may gather
information necessary to guard against unfounded claims, settle claims, and
prepare for trial.  Cathey v. Booth,
900 S.W.2d 339, 341 (Tex. 1995); Nat=l Sports & Spirit, 117 S.W.3d at 79.








Actual notice to a governmental unit requires
knowledge of injury or property damage, the governmental unit=s alleged fault producing or contributing to the
injury or property damage, and the identity of the parties involved.  Cathey, 900 S.W.2d at 341; Nat=l Sports & Spirit, 117 S.W.3d at 80.  To have actual notice, the governmental unit
must have the same information it would have had if the claimant had complied
with the formal notice requirements.  Nat=l Sports & Spirit, 117 S.W.3d at 80; Bourne v. Nueces County
Hosp. Dist., 749 S.W.2d 630, 632B33 (Tex. App.CCorpus Christi 1988, writ denied).  Mere notice that an incident has occurred is
not enough to establish actual notice for purposes of the TTCA.  Nat=l Sports & Spirit, 117 S.W.3d at 80; see Putthoff v. Ancrum,
934 S.W.2d 164, 173 (Tex. App.CFort Worth 1996, writ denied).








Additionally, actual notice may be imputed to the
governmental unit only when an agent or representative of the entity charged
with a duty to investigate and report to the governmental unit receives the
three elements of actual notice outlined in Cathey.   Nat=l Sports & Spirit, 117 S.W.3d at 80; see Dinh v. Harris County
Hosp. Dist., 896 S.W.2d 248, 252B53 (Tex. App.CHouston [1st Dist.] 1995, writ dism=d w.o.j.). 
But governmental entities have actual notice to the extent that a
prudent entity could ascertain its potential liability stemming from an
incident, either by conducting further investigation or because of its obvious
role in contributing to the incident.  Nat=l Sports & Spirit, 117 S.W.3d at 80; City of San Angelo v.
Smith, 69 S.W.3d 303, 307 (Tex. App.CAustin 2002, pet. denied).

                                         Issue
on Appeal

In both of its issues, the City contends that
appellees did not provide adequate notice of their personal injuries within the
forty-five days required by City ordinance because, although they did send a
letter indicating that they were going to a doctor for treatment of injuries
sustained in the accident, they did not provide in that letter a Areasonable description@ of the nature and extent of those injuries.

                  Evidence
Attached to City=s
Plea to the Jurisdiction

The City attached to its plea to the jurisdiction
an affidavit from Officer Becknal, in which he averred as follows:

On May 8,
2008, I was involved in an automobile accident at the 800 block of Kell
West.  The other car involved in the
accident had 4 occupants: 2 females, 1 male, and 1 female child.  I observed these 4 people directly after the
accident, and I did not see anything that led me to believe that they were
injured.  I spoke to both Sheila Calhoun
and Summer Calhoun at the scene of the accident and neither made any statement
to me indicating that they were injured.

 

 








The City also attached an affidavit from Leland
Wright, a sergeant with the City=s police department who investigated the
accident.  He averred as follows:

The only City
employees present at the scene of the accident were myself, Steve Becknal and
Martha Shaw.  Summer Calhoun, Sheila
Calhoun, and Alfred Jenkins were involved in the accident.  I spoke
with each of them and asked if they suffered any injuries.  They each
stated that they had no injuries.  I also
was able to observe each of these individuals and saw nothing that would
indicate to me that these people were injured. 
This was a minor accident and no ambulance was requested nor was any one
involved in the accident transported to the hospital from the scene of the
accident.  In the course and scope of my
job, I produced a police report based on what I observed. . . .  I used the injury code AN@ for [appellees].  Injury Code N
means NOT INJURED.

 

The police report attached to Sergeant Wright=s affidavit contains the following description of
the accident:

Unit #2 was stopped behind Unit #1 at a red light
on Kell W. @ Scott Street.  The driver of
Unit 2 looked down to adjust his police radio. 
When the driver of Unit #2 looked back up, the vehicles to his left were
proceeding (turning left).  Unit #2
proceeded forward, striking its FD to Unit 1= s BD.

 

Sergeant
Wright also noted no property damage that required towing of either car and
that both were Adriven
away.@








The City attached a third affidavit from its
Risk/Safety Manager, Martha Shaw.  She
averred that she went to the accident scene, that she observed all four
occupants of the vehicle that Officer Becknal struck, and that she did not
observe anything that led her to believe that they were injured.

Another affidavit attached to the plea is from
the City Clerk, Lydia Ozuna.  She averred
as follows:

On May 15, 2008,
my office received a letter from William E. Hymes of Loncar &
Associates.  This letter was dated May
13, 2008, and regarded Summer Calhoun, Sheila Calhoun, and Alfred Jenkins.  This letter is attached to this affidavit as
Attachment 1.  This was the only letter my office received regarding
[appellees].  This letter does not
describe or identify any of the injuries allegedly sustained by
[appellees].  This letter does not state where
these people reside, nor does it identify monetary damages or the amount for
which the lawyer=s clients are willing to settle their claims.  This letter also does not identify the names
and addresses of eyewitnesses to the incident that the clients claim caused the
unidentified injuries.

 

The attached letter identifies appellees as
clients and lists the loss date as May 8, 2008. 
It contains the following:

Please be advised that this firm has been
retained to represent [appellees] with regards to personal injuries and other
damages that they sustained in the above-referenced loss.  The accident occurred on 5/8/08 at Kell
West.  Our client was stopped at a red
light when Officer Stephen Becknal looked up to see the vehicle in the left
lane was turning left, Mr. Becknal then proceeding forward, sticking [sic] our
client.

 

Our clients are still in the process of receiving
medical treatment; upon completion, I will forward documentation of their
injury claim to you for consideration.

 

. . . .

 








Please
acknowledge receipt of this claim.  I
look forward to working with you towards the resolution of this claim.

In their response to the plea to the
jurisdiction, appellees attached a crash report completed by Sergeant Wright on
the day of the accident.  In response to
the question, AIN
YOUR OPINION, DID THIS CRASH RESULT IN AT LEAST $1,000.00 DAMAGE TO ANY ONE
PERSON=S PROPERTY?,@ the AYES@ box was checked. 
ANONE@ was listed under ADAMAGE TO PROPERTY OTHER THAN VEHICLES.@  Also
attached is an affidavit from Sandie Stewart, who receives all mail delivered
to Loncar & Associates at the Wichita Falls office. She averred that the
office received a letter on May 29, 2008 from Shaw; a copy of the letter was
attached.  The caption identifies a claim
number, the date of loss as 5-8-08, the type of loss as AVehicle,@ and the amount of claim as $4,040.17.  The letter reads as follows:

We have completed our investigation of the facts
related to the incident and will agree to honor your claim in the amount of
$4,040.17.

 

I
have requested a check from our accounting department in the amount of
$4,040.17 made payable to you.  Please
stop by our office any time before 4:00 p.m. on or after June 02, 2008, and by
signing a release of claim, secure the check. . . .

                                               Analysis













The May 13, 2008 letter from appellees= attorney states that appellees sustained Apersonal injuries and other damages@ in the accident. 
It also describes the accident and names each appellee.  This is sufficient notice of the elements required
in section 101.101(a).  See Tex.
Civ. Prac. & Rem. Code Ann. ' 101.101(a); Harris County v.
Luna-Prudencio, 294 S.W.3d 690, 698B99 (Tex. App.CHouston [1st Dist.] 2009, no pet.); Bosler v.
Riddle, No. 07-05-00283-CV, 2007 WL 686645, at *3B4 (Tex. App.CAmarillo Mar. 7, 2007, pet. denied) (mem. op.) (on
reh=g).  The
City contends that a more detailed description of the nature and extent of
appellees=
injuries is required to put it on notice but does not provide any authority requiring
more than what appellees provided. 
According to the City, mere notice that a person has sustained a
personal injury is not enough; it needs more information about the injury to
properly triage and prioritize claims. 
But that is not the purpose of the notice requirement; all that is
required is enough information for the City to investigate for the purpose of
guarding against unfounded claims, settle claims, and prepare for trial.  The letter has enough information to allow
the City to effect this purpose.  See
Richardson v. Allen, No. 05-96-00018-CV, 1997 WL 242812, at *3 (Tex. App.CDallas May 13, 1997, no pet.) (not designated for
publication) (holding that Athere is no requirement that a claimant describe
in full medical detail the nature and extent of her injury@); Black=s Law Dictionary 856B57 (9th ed. 2009) (defining personal injury, in a
negligence action, as Aany
harm caused to a person, such as a broken bone, a cut, or a bruise; bodily
injury@ and defining bodily injury as A[p]hysical damage to a person=s body@).








The City cites Casanover v. Tomball Regional
Hospital Authority in support of its position that a letter referencing
only Ainjuries@ is insufficient to provide notice under section
101.101(a).  No. 01-04-00136-CV, 2006 WL
23407, at *3 (Tex. App.CHouston
[1st Dist.] Jan. 5, 2006, no pet.) (mem. op.).  But in that case, a
patient had been to the hospital on March 22, 2001 for kidney dialysis, had
fallen and injured her hip while leaving that same day, was admitted for
surgery due to her injuries, was placed in a gurney in the emergency room
overnight, and then died the next day from a Asudden cardiac death.@  Id.
at *1.  Three days after the patient
died, counsel for the appellants (her family and estate) sent two letters to
the hospital informing it that he was representing the appellants for Ainjuries sustained@ on or about March 23, 2001.  Id. at *3.  The first letter requested the patient=s medical records, and the second letter
requested the patient=s
billing records.  Id.  Attached to the first letter was a blank
medical records affidavit, and attached to the second letter was a blank
hospital bill affidavit to be signed by the hospital=s records custodian.  Id. 
The court of appeals held that these letters were not sufficient
statutory notice, not only because they did not reasonably describe the damage
or injury claimedCthey
did not even mention the patient=s deathCbut also because they did not provide any
description of the incident or any indication of the hospital=s responsibility. 
See id.

In Casanover, the patient had suffered
more than one injury at the hospital:  a
hip injury and death.  Thus, there were
multiple injuries and incidents that occurred there.  The letters simply informed the hospital that
the appellants had hired an attorney and wanted the patient=s medical and billing records.  Thus, the letters, in that factual scenario,
did nothing more than inform the hospital that an attorney was investigating
what had occurred at the hospital.  But,
here, the May 13, 2008 letter clearly describes the car accident and faults the
City=s employee, Officer Becknal, for causing it.  Moreover, it clearly indicates that the
driver and passengers had sustained personal injuries for which they were all
receiving medical treatment.  We conclude
and hold that the May 13, 2008 letter was sufficient to provide the required
statutory notice of suit under section 101.101(a).  Tex. Civ. Prac. & Rem. Code Ann. ' 101.101(a).













Moreover, even if the letter were not sufficient
statutory notice, the evidence supports the conclusion that the City had actual
notice of appellees=
claims.  Sergeant Wright=s crash report lists Summer=s driver=s license number and address and notes property
damage to vehicles of at least $1,000; his police report provides a detailed
description of the incident and contains the names of each occupant of Summer=s vehicle. 
Thus, on the date of the accident, a City representative had notice that
a City-owned vehicle was at fault in an accident that caused at least $1,000 of
vehicle damage and also knew the identities of all the persons involved in the
accident.  See Harris County v. Dillard, 841 S.W.2d
552, 557B58 (Tex. App.CHouston [1st Dist.] 1992) (holding that accident
report can suffice as notice to municipality), rev=d on other grounds, 883 S.W.2d 166 (Tex. 1994); Rosales v.
Brazoria County, 764 S.W.2d 342, 343B45 (Tex. App.CTexarkana 1989, no writ) (same); City of
Galveston v. Shu, 607 S.W.2d 942, 945B46 (Tex. Civ. App.CHouston [1st Dist.] 1980, no writ) (same).  This, too, meets the purpose of the notice
requirement of the statute to put the City on notice to investigate, settle,
and prepare for trial.  That the
occupants did not appear to be injured and drove away from the accident,
although possibly relevant for trial purposes (subject to an evidentiary
determination by the trial judge), does not negate the City=s notice that an on-duty officer driving a
City-owned vehicle rear-ended the car in front of him, causing visible property
damage.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 101.101(c)
(providing that statutory notice requirements do not apply if the governmental
unit has actual notice Athat
the claimant has received some injury, or that the claimant=s property has been damaged@ (emphasis added)).  We conclude and hold that the City had actual
notice of appellees=
claims sufficient to invoke the trial court=s jurisdiction over appellees= TTCA suit against the City.

Accordingly, we overrule both of the City=s issues.

                                             Conclusion

Having overruled both of the City=s issues, we affirm the trial court=s order.  

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL: 
LIVINGSTON, GARDNER, and WALKER, JJ.

 

DELIVERED: 
March 4, 2010