STATE OF TEXAS V. H. D. DICKERSON ET AL.

No. 8113. Decided July 14, 1943.
Rehearing overruled October 20, 1943.
(174 S. W., 2d Series, 244.)

*Gerald C. Mann,* Attorney General, *Geo. W. Barcus, Wm. J. R. King,* and *Ocie Speer,* Assistants Attorney General, for the State.

*Will C. Perry,* and *J. A. Rauhut,* both of Austin, for respondent.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

In 1938 Walter P. Dickerson, a non compos mentis, with the consent of the Legislature, brought this suit by next friend against the State of Texas. He alleged, in substance, that in 1919, while on active duty as a member of the National Guard,

his superior officer negligently required him to lift a sack of patotoes, and that as a result he suffered a hernia. He alleged that as a consequence he suffered great mental and physical pain and was totally disabled for a period of one year thereafter and partially disabled for two years, and then became totally disabled again and so remained continuously therefter until the time of the filing of the suit. He alleged that the State did not take care of and provide for him, and that his father and mother had been compelled to take care of him. He alleged that he had been damaged in the sum of $15,000.00, and he sought recovery of such damages.

During the pendency of this suit Dickerson died, whereupon his father and daughter, as his sole heirs, asked leave of the court to continue the prosecution of the suit. The court sustained a plea in abatement and a plea to the jurisdiction of the court, and dismissed the suit. The Court of Civil Appeals reversed the judgment and remanded the cause for a new trial. 169 S. W. (2d) 1005.

That the State is not liable for the injury caused by the negligence of Dickerson's superior officer is so well settled that it requires no extended discussion at this time. Brooks v. State (Tex. Civ. App.), 68 S. W. (2d) 534 (writ refused) ; State v. Hale, 136 Texas 29, 146 S. W. (2d) 731; State v. Brannan (Tex. Civ. App.), 111 S. W. (2d) 347 (writ refused).

However, the plaintiffs here contend that under the provisions of Revised Statutes Article 5845 the State is liable for the reasonable cost of caring for Dickerson during his disability. That Article, which was enacted in 1905, reads as follows:

"Art. 5845. Every member of the military forces of this State who shall be wounded or disabled while in the service of the State, in case of riot, tumult, breach of the peace, resistance to process, invasion, insurrection or eminent danger thereof, or whenever called upon in aid of the civil authorities, shall be taken care of and provided for at the expense of this State."

The petition in this case does not allege that Dickerson ever made application to the proper authorities of the State for and was refused the benefits provided for in the above statute. However, this is immaterial, for the result would have been the same if such allegation had been made. While the statute may have constituted sufficient authority to authorize a proper officer of the State, upon timely application therefor, to supply

the benefits therein provided for, it does not evidence legislative intent to allow those entitled to such benefits to supply the benefits themselves or to contract with others therefor, and thereafter hold the State liable for the cost or value thereof. There are many statutes and constitutional provisions in this State which pledge the State to furnish certain benefits to its citizens, such as pensions to certain classes, care for its dependent and neglected children, and free schools and free text-books for its children, and maintenance of its indigent lunatics. But it is not thought that these pledges are contractual in their nature so as to authorize a suit for damages for a breach thereof. It is the general rule that those entitled to such benefits must make timely application therefor to the proper officer, and that the State supplies such benefits as it can at the time in its own way. Cox v. Dunn, 243 Ala. 176, 9 So. (2d) 1; Daily v. U. S., 17 Ct. Cl. 144; 40 Am. Jur., p. 990.

It appears that the State had not set up any organization or system for carrying the provisions of the above statute into effect. It is also uncertain as to whether any appropriation had been made to cover the expenditures therein provided for. But this is a matter that addressed itself to the sound discretion of the Legislature. As above stated, the Constitution and statutes of this State pledge the State to furnish benefits to its citizens in many instances, but it has never been thought that these benefits could be supplied by others and the State held liable therefor. To allow those who are entitled to these benefits to secure the services elsewhere, and then at some future date hold the State liable therefor, would subject the State to manifold, indefinite, and interminable liability, and render it impossible to anticipate its needs and to operate its affairs upon a sound financial basis.

In our opinion, Walter P. Dickerson had no cause of action against the State for damages for its failure to timely supply the benefits provided for in Article 5845.

This makes it unnecessary for us to pass on the question as to whether the cause of action, if Dickerson had had one, would have survived to his heirs upon his death.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered July 14, 1943.

Rehearing overruled October 20, 1943.