Epfania AVALOS, joined pro forma by her husband, Enrique Avalos, Appellants,

v.

Glenn SLAPE, Independent Executor of the Will of G. F. Slape, Deceased, Appellee.

No. 5082.

Court of Civil Appeals of Texas.

El Paso.

Jan. 19, 1955.

Rehearing Denied Feb. 16, 1955.

W. C. Collins, El Paso, for appellants.

Ellis O. Mayfield, El Paso, for appellee.

FRASER, Justice.

This is an appeal from the 41st District Court of El Paso County, where this case was tried to the court without a jury. Appellant's statement of the nature of the case has been accepted as correct by all parties, and is as follows:

"Plaintiff, Epfania Avalos, joined pro forma by her husband, filed this suit against defendant, Glenn Slape, Independent Executor of the Estate of G. F. Slape, Deceased, for construction of the will of deceased, asserting that under the terms thereof she was the person entitled to receive a certain house and the furnishings therein. The pertinent part of said will, Paragraph III, provides as follows:

" 'In event any person, whether a relative or not, should take care of me for as much as one year immediately prior to my death, I Give, Devise And Bequeath To such person the home that I then may own and occupy, together with the furniture and furnishings therein.'

"Evidence was introduced by the plaintiffs that said Epfania Avalos had cared for the deceased for the last year of his life and that he owned and occupied a certain furnished home in El Paso County, Texas, at the time of his death.

"The Court entered judgment for defendant Executor, denying the relief sought by plaintiff and plaintiff has duly perfected her appeal to this Court."

The Court filed his findings of fact and conclusions of law holding that the type of care performed or done by plaintiff did not constitute "care" as provided for by the will, and that her acts were more the services of a servant or housekeeper. The Court further held that the plaintiff did not qualify because the will contemplated that the care provided for in the paragraph was to be performed after the execution of the will and prior to the death of the deceased, and the deceased having died just a few weeks after making the will in question, the provision could not have been complied with by plaintiff or any other person.

Appellant predicates her appeal on three points, objecting to the above holding and alleging error on the part of the court in rendering judgment thereon.

We have examined the statement of facts and the will included therein as an exhibit, and have concluded that we must affirm the judgment of the trial court and approve of his construction of the will. We do not find this will to be necessarily ambiguous, and believe the testator's intent is clearly evident from the language used. Examination of attendant surrounding circumstances corroborates this fact. He had been an able-bodied man, enjoying excellent health apparently, until he was stricken December 20th and removed to the hospital in an almost helpless condition, according to the witnesses. Three days later he had this will prepared by his attorney, whose secretary came to the hospital and took down the testator's wishes and views. He was still a very sick man at that time. He left the hospital after Christmas and was re-ad-

mitted and died during the first few days of January, less than a month after making the will. Examination of the will discloses that Mr. Slape, the testator, provided for each one of his nine children in varying sums of money, and even provided a monthly allowance for his wife, from whom he had been separated for some years. Evidence in the record indicated that plaintiff had done various services for testator for many years, and there is testimony that she kept house for him. There was, of course, testimony to the contrary also. But in any event, regardless of what or how much service plaintiff had rendered testator, the painstaking manner by which he took care of some ten or more people in his will, but made no specific provision for plaintiff suggests that testator apparently felt no obligation to provide for plaintiff in his will. His will is complete in every respect, and we must therefore conclude that he was attempting to provide care for himself in the future, should he continue or again become weak and helpless as he was at the time he made the will. We do not think there is any doubt but what testator meant and intended a condition precedent that must happen in the future to entitle a person to claim under the provisions in question. The first words of this provision, to-wit, "In event" indicate a looking to the future, and suggest plainly that testator is talking about the possibility of a future event. Dickerson v. State, 141 Tex. 475, 174 S.W.2d 244; In re Estate of Thompson, 304 Pa. 349, 155 A. 925; Brennan v. Brennan, 185 Mass. 560, 71 N.E. 80; Hunt v. White, 24 Tex. 643, 652; In re Ziehlke's Will, 230 Wis. 574, 284 N.W. 497.

We also think that the court reached the right conclusion in holding that the care intended in the will meant more than housekeeping or servant's services, and was intended to mean the care that an invalid or semi-invalid would need. We think it is evident from the will that the testator was attempting to provide care for himself should he become unable to do so.

We have carefully analyzed the statement of facts and while it is apparent that plaintiff performed many services for testator,

and according to some of the witnesses looked after him "like a wife would" we are forced to the conclusion that testator did not make any provision for plaintiff in his will, but set up a condition precedent under which any person could qualify, but the provision required that the person so qualifying should "take care of me" for a year, and it seems clear that neither provision was complied with by plaintiff. Of course such a provision in itself is, because of Article 3716, Vernon's Ann.Civ.St. extremely difficult to prove unless there be third-party disinterested witnesses.

We overrule appellant's points and affirm the action of the trial court.