Myrna SMITH, Appellant,

v.

**CITY OF HOUSTON and Terrell
Declouette, Appellees.**

No. 14–96–01383–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 18, 1997.

Travis Barton Terry, Sugarland, for appellant.

Kelly Ann Dempsey, Laura Anne Coats, Houston, for appellees.

Before LEE, AMIDEI and ANDERSON, JJ.

**OPINION**

ANDERSON, Justice.

This is an appeal from a May 28, 1996 order granting summary judgment against Myrna Smith [Smith] for failure to give formal, written notice of a claim under both the Texas Torts Claims Act [1] and the Charter of the City of Houston [City]. Smith originally sued the City, Terrell Declouette[Declouette], a City employee, and Abdul Hussein Moosani [Moosani], her driver, for injuries sustained in an automobile accident. In one point of error, Smith argues, among other things, summary judgment was improper because her summary judgment proof showed the City and Declouette admitted receiving actual notice of Smith's injuries, the City offered no summary judgment proof raising a fact question about such admission, thus making summary judgment against Smith improper. We agree and reverse the judgment of the trial court as to the City. Because the defendants' motion for summary judgment offered no grounds supporting judgment for Declouette, we reverse the judgment as to him as well. Finally, Smith's claim against Moosani was dismissed, making

1. *See* Chapter 101, TEX. CIV. PRAC. & REM.CODE ANN.    (Vernon 1997).

the May 28, 1996 summary judgment against Smith a final and appealable order.[2]

Smith asserts in her brief on appeal[3] that she and Moosani were involved in an automobile accident with Declouette. She asserts Declouette, a Public Utilities Department employee, while in the course and scope of his employment, struck the car Moosani was driving. Appellant's brief also states Smith, a front seat passenger in Moosani's car, sustained injuries due to the accident. Smith argues Declouette was negligent in the operation of his car. Additionally, Smith alleges the City was negligent in failing to maintain a stop sign at the site of the accident.

The City and Declouette filed a motion for summary judgment stating Smith failed to give formal, written notice of a claim under both the Texas Tort Claims Act and the City Charter, and that the City did not have actual notice that Smith intended to file a claim against it based on her driver's failure to stop at an intersection. In response, Smith argued she established each element of her cause of action, the defendants received proper notice, and the defendants had judicially admitted receiving actual notice of her injuries. Several documents were attached to the response including a copy of Smith's request for admissions bearing a November 3, 1995 District Clerk file stamp and a certificate of service reflecting that same date, a return receipt for certified mail reflecting a delivery date of November 8, 1995, and an affidavit swearing the attachment was a true and correct copy of the request for admissions.

To be entitled to summary judgment, the City and Declouette had the burden to establish that no genuine issue of material fact existed and it was entitled to judgment as a matter of law. *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). All doubts are resolved against the movant, and the reviewing court must view the evidence in the light most favorable to the non-movant. *See Perez*, 819 S.W.2d at 471. In contrast, for a defendant to be entitled to summary judgment it must disprove, as a matter of law, one of the essential elements of each of the plaintiff's causes of action. *See id.* If the movant establishes it is entitled to a summary judgment on the issues expressly presented to the trial court as a matter of law, the nonmovant must "expressly present to the trial court those issues that would defeat the movant's right to a summary judgment." *Clear Creek Basin Authority*, 589 S.W.2d at 679. If a defendant moves for summary judgment based on an affirmative defense, the defendant's burden is to conclusively prove all elements of the affirmative defense as a matter of law, and there can be no genuine issues of material fact remaining. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). When only one party seeks summary judgment in the trial court, and summary judgment is erroneously granted, the appellate court must reverse the trial court's judgment and remand the case for trial. *See Texas Stadium Corp. v. Savings of America*, 933 S.W.2d 616, 618 (Tex. App.—Dallas 1996, writ denied).

The Texas Tort Claims Act waives governmental immunity for negligent acts in certain circumstances. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.025 (Vernon 1997). To comply with the Act's requirements, a claimant must notify the governmental unit of the negligent act not later than six months after the incident. *See id.* § 101.101(a). The City's motion for summary judgment urged, as one supporting ground, that the City Charter also required the giving of notice within ninety days after the injury had been

---

2. Moosani also brought suit against the City of Houston and Declouette. Smith and Moosani's cases were subsequently consolidated. After summary judgment was granted against Smith, a take-nothing judgment was entered against Moosani, rendering the May 28, 1996 judgment final because it disposed of all parties and issues before the court. *See Mafrige v. Ross*, 866 S.W.2d 590, 591 n. 5. *Mossani* is not a party to this appeal.

3. Any statement made by appellant in her original brief as to the facts or the record may be accepted as correct unless challenged by the opposing party. *See* TEX.R. CIV. P. 74(f). Appellee has not challenged any of Smith's statements, thus we accept her statements in her brief as true.

sustained, and that Smith had failed to comply with that provision.[4] The Tort Claims Act ratifies a city's charter and ordinance provisions requiring notice within a charter period permitted by law. *See id* at § 101.101(b). These notice provisions are akin to statutes of limitation,[5] and suit is precluded if they are not complied with. *See Blaschke v. Citizens Med. Center,* 742 S.W.2d 779, 781 (Tex.App.—Corpus Christi 1987, no writ). It is undisputed that Smith failed to provide the City with formal, written notice of her claim against it pursuant to § 101.101(a), or the City Charter.

The notice must reasonably describe the damage or injury, the time and place of the incident, and the incident. *See* § 101.101(a). If the governmental unit has *actual notice* that the claimant received some injury, the formal, written notice requirement does not apply. *See* § 101.101(c). This waiver of the formal notice requirement applies to the six month provision in § 101.101(a) and to charter provisions ratified by the Act. § 101.101(c). Thus, if the City had actual notice of Smith's injury, neither the Act nor the City Charter would bar her claim for failing to provide formal, written notice within the applicable time limits.

While the motion for summary judgment states it is filed on behalf of the City and Declouette, our reading of that motion suggests it was in fact filed only on behalf of the City. Several manifestations of that intent are extant, with the most telling being the final paragraph which never uses Declouette's name and closes with the statement that Smith failed to comply with the notice requirements of the City Charter and the Tort Claims Act, and "thus Defendant, City of Houston is entitled to a judgment in its favor as a matter of law."

■ However, even if Declouette was a party to the motion for summary judgment,

neither of the two grounds set forth in the motion provide any basis for summary judgment on Smith's claims against him. First, the City Charter requirement stating that for the City to be liable for damages for personal injuries of any kind it must receive notice of the injury within ninety days of the incident does not apply to Declouette. Second, the notice provision in § 101.101(a) of the Act applies only to a governmental unit, and the definition of that term in § 101.001(2) does not include an employee, which term is defined in § 101.001(1). The City offered no grounds for its apparent assumption that Declouette was within the scope of the City Charter or the Tort Claims Act. We hold, therefore, that because defendant Declouette failed to bring forward any grounds in the motion for summary judgment defeating Smith's claims against him, summary judgment for Declouette was error. *See Hall v. Harris County Water Control and Improvement Dist. No. 50,* 683 S.W.2d 863, 867 (Tex. App.—Houston [14th Dist.] 1984, no writ) (holding a summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment).

The City moved for summary judgment claiming Smith failed to give formal notice as required to remove the City's sovereign immunity under the City Charter and the Texas Tort Claims Act, and that the City did not have actual notice of her claim. In Smith's response, she argued summary judgment was improper because there was a deemed admission[6] against the City and Declouette stating they received actual notice of Smith's injury as required under the Texas Tort Claims Act. We agree with Smith's argument.

■ Texas Rule of Civil Procedure 169(2) states that the matter requested in an admission is "conclusively established as to the party making the admission unless the

---

4. The City Charter, Article IX, Section 11, provides in part, as follows: "Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, ... or someone in his behalf, shall give the mayor and city council notice in writing of such injury or destruction, duly verified, within ninety days after the same has been sustained, ...."

5. Under Rule 94, Texas Rules of Civil Procedure, a statute of limitations is an affirmative defense.

6. The statement submitted by Smith to which the City failed to timely respond is "Defendant, City of Houston, admits that it received actual notice of Myrna Smith's injuries within six months, as required by the Texas Tort Claims Act."

court on motion permits withdrawal or amendment of the admission." *See also Standard Fire Insur. Co. v. Morgan,* 745 S.W.2d 310, 312 (Tex.1987) (noting deemed admissions create incontestable facts). An admission once admitted, deemed or otherwise, is a judicial admission, and a party may not then introduce testimony to contradict it. *See Marshall v. Vise,* 767 S.W.2d 699, 700 (Tex.1989). Furthermore, the matter is admitted without court order unless the party served answers or objects within thirty days after service or as otherwise agreed or directed.[7] *See* TEX.R. CIV. P. 169(1). The record shows Smith filed requests for admissions on November 3, 1995. A response was not filed until December 8, 1995, outside of the prescribed period for a response. Even adding three days to the prescribed period because service was effected by mail, the City failed to respond within the prescribed thirty-three day period. *See* TEX.R. CIV. P. 21a (adding three days to the prescribed period where service is effected by the mail). The thirty-third day after November 3, 1995 was December 6, 1995. Furthermore, there is no evidence in the record on appeal showing the City challenged the validity of the deemed admission, or moved to withdraw or amend it. *See* TEX.R. CIV. P. 169(2).

Thus, the City made a judicial admission that it had actual notice of Smith's injuries. *See Marshall,* 767 S.W.2d at 700. This admission of actual notice waives the formal notice provisions of the Tort Claims Act and the City Charter. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(c). Because this deemed admission prevents the City from establishing that the formal notice requirement was not met, as a matter of law, it was error to grant summary judgment for the City. Therefore, we sustain Smith's sole point of error.

Accordingly, we reverse the summary judgment for the City and Declouette and remand Smith's claims against them for trial.

---

**7.** If requests for admission are served with the citation and petition, the time to answer or ob-

ject is fifty days. *See* TEX.R. CIV. P. 169(1).