**John HENCERLING, Appellant,**

**v.**

**TEXAS A & M UNIVERSITY, The Board of Regents of Texas A & M University, Dr. Ray Bowen, in his Official Capacity as President of Texas A & M University, and the State, Appellees.**

No. 01–98–00107–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 11, 1999.

William H. Ray, Fort Worth, for appellant.

Maureen Powers, Austin, for appellee.

Panel consists of Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION

NUCHIA, Justice.

Appellant, John Hencerling, sued Texas A & M University, the Board of Regents of Texas A & M University, Dr. Ray Bowen, in his official capacity as President of Texas A & M University, and the State of Texas, appellees, under the Texas Tort Claims Act, and for negligence and gross negligence. Appellees filed a motion to dismiss and a plea to the jurisdiction, which the trial court granted. We affirm.

## BACKGROUND

Appellant is the owner and operator of two health clubs located in Bryan/College Station, Texas. On or about August 26, 1995, appellees opened a new health fitness center on the campus of Texas A & M University, located in College Station, Texas. All students enrolled at Texas A & M University were required to pay a fee each semester for the use of the health fitness center. This fee for the health fitness center was added to the students' tuition and fees. Non-students were also allowed to use the facility for a fee. Upon the opening of the new health fitness center, appellant experienced a decrease in sales and renewal revenues. Eventually, appellant closed both health clubs due to economic difficulties.

Appellant filed suit alleging that the fees charged to students and non-students for use of the facility are below market cost. He also alleged that appellees did not conduct a market study or analysis in order to determine the impact on local businesses and that appellees failed to ascertain the proper market level on which to base the charges for students and non-students. Appellant asserted that these allegations constituted negligent uses of the University's tangible personal and real property, which caused financial injury and ultimately the closing of his businesses. Appellant further asserted that the financial injury he suffered equates to the personal injury required by the Tort Claims Act permitting him to sue the State.

## DISCUSSION

In Texas, the State is immune from liability unless liability is waived by a constitutional or legislative provision. *Duhart v. State,* 610 S.W.2d 740, 741 (Tex.1980). State universities are agencies of the State and enjoy sovereign immunity. *Lowe v. Texas Tech Univ.,* 540 S.W.2d 297, 298 (Tex.1976); *Bagg v. University of Texas Medical Branch at Galveston,* 726 S.W.2d 582, 584 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). A suit against an agency of the State is considered a suit against the State of Texas. *Federal Sign v. Texas Southern Univ.,* 951 S.W.2d 401, 405 (Tex.1997).

In appellant's second issue, he asserts that the actions of appellees are proprietary rather than governmental, and thus appellees are not entitled to sovereign immunity.

The State can only act in its governmental capacity. *State v. Brannan,* 111 S.W.2d 347, 348 (Tex.App.—Waco 1937, writ ref'd); *Delaney v. University of Houston,* 792 S.W.2d 733, 736–38 (Tex.App.—Houston [14th Dist.] 1990), *rev'd on other grounds,* 835 S.W.2d 56 (Tex.1992). The distinction between proprietary and governmental functions does not apply to functions performed

by the State. *Guillory v. Port of Houston Auth.,* 845 S.W.2d 812, 814–15 (Tex.1993); *Delaney,* 792 S.W.2d at 736–38. This distinction applies only to suits against municipalities. TEX.CIV.PRAC. & REM.CODE ANN. § 101.0215 (Vernon 1997).

We overrule appellant's second issue.

■ In appellant's first issue, he asserts the State waived sovereign immunity under the second subsection of the Texas Tort Claims Act, and thus the trial court erred in granting appellees' motion to dismiss and plea to the jurisdiction.

■ "The Texas Tort Claims Act was enacted to abolish governmental immunity in certain instances and to grant permission to all claimants to bring suit against the State of Texas for all claims arising under the Act." *Brown v. Owens,* 674 S.W.2d 748, 750 (Tex. 1984). Section 101.021(2) provides:

> A government unit in the state is liable for:
>
> . . .
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE § 101.021 (Vernon 1997). Thus, to find that the State has waived sovereign immunity under subsection two of section 101.021, appellant must plead and prove personal injury or death.

Appellant asserts that his damages are business losses and that business losses are personal injury damages. Appellant does not direct us to any authority which holds that business losses are personal injury damages, but he cites *Yowell v. Piper Aircraft, Corp.,* 703 S.W.2d 630 (Tex.1986), in support of his contention. In *Yowell,* the court allowed the plaintiffs to recover for the loss-of-inheritance in a wrongful death suit. *Id.* at 632–33. However, the loss of inheritance claim resulted from the death of the decedent. *Id.*

■ In the present case, appellant's financial losses are neither dependent on, nor the result of, personal injury or death. Financial losses are not personal injury damages. *See Johnson & Higgins of Texas, Inc. v. Kenneco*

*Energy, Inc.,* 962 S.W.2d 507, 530 (Tex.1998) (stating that economic losses are not personal injury or property damages under the prejudgment interest statute); *see also Nobility Homes of Texas, Inc. v. Shivers,* 557 S.W.2d 77, 79–80 (Tex.1977) (holding that economic loss is not physical harm or property damage under strict liability).

Appellant's financial losses are not recoverable under the Texas Tort Claims Act.

We overrule appellant's first issue.

We affirm.