**Gerald BROWN, Appellant,**

v.

**CITY OF HOUSTON and General Elevator Company Of Houston, Appellees.**

**No. 10–98–166–CV.**

Court of Appeals of Texas, Waco.

Aug. 18, 1999.

Rehearing Overruled Dec. 15, 1999.

---

**28.** 951 S.W.2d 469, 476–477 (Tex.1997).

Chuck Portz, Houston, Richard B. Graves III, St. Petersburg, FL, Gerald Brown, Houston, for appellant.

Anthony W. Hall, Jr., City Atty., Laura Anne Coats, Asst. City Atty., Houston, for appellee.

Before Justice VANCE, Justice GRAY, and Chief Justice McDONALD (Retired).

## OPINION

FRANK G. McDONALD, Chief Justice (Retired).

Appellant Brown appeals from an order of the trial court sustaining Appellee City of Houston's plea to the jurisdiction and dismissing Appellant's lawsuit.

Appellant Brown (and his wife) brought suit against the City of Houston pursuant to the Texas Tort Claims Act (TTCA), alleging that on October 6, 1993, Appellant was a ticketed passenger using the Houston Airport facilities; that he was descending on an escalator "when a suitcase released by Kara Endsley" tumbled down the escalator, striking him and causing severe fracture to his leg.

Appellant alleges the City has possession and control of the airport; that the airport facility is tangible personal property of the City which caused injury to Appellant as a result of a condition or use of such property; that the City is liable to Appellant for his damages under TTCA, Sections 101.121, 101.0215 and 101.022.

Appellant also alleges the City negligent in one or more of the following:

a.   Failing to maintain the escalator in a safe manner;

b.   Failing to warn persons about the size or weight of luggage to be transported on escalators;

c.   Failing to maintain control over the size or weight of luggage transported on escalators;

d.   Failing to provide adequate safety precaution for passengers on the escalators;

e.   Failing to adequately inform passengers and the public of the use and availability of elevators;

f.   Failing to adequately instruct passengers and the general public about transportation of luggage through the terminal area;

g.   Failing to instruct passengers and the public not to take certain luggage on the escalator or to restrict the taking of certain luggage on the escalator.

h.   Failing to control the size and amount of luggage transported on escalators to insure the safety of the public.

Appellant alleged each of the foregoing was an act of negligence which proximately caused the occurrence made the basis of Appellant's suit and his injuries and damages. Appellant and his wife alleged the City liable for their damages in the amount of $1,000,000.

The City filed a motion for summary judgment that Appellant take nothing, and filed a plea to the jurisdiction. Such plea to the jurisdiction alleged that Appellant (1) never provided the City with notice in accordance with the TTCA for claims made the basis for his suit; and (2) failed to plead a cause of action under the TTCA.

The trial court sustained the City's plea to the jurisdiction without giving a reason therefor, and dismissed Appellant's lawsuit.

Appellant appeals contending that he did comply with the notice provisions of the TTCA. Section 101.101, *Notice,* which provides:

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

   (1) the damage or injury claimed;

   (2) the time and place of the incident; and

   (3) the incident.

(b) A city's charter and ordinance provisions requiring notice within a charter permitted by law are ratified and approved;

(c) The notice requirements provided or ratified and approved by subsection (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

TEX. CIV. PROC. & REM. CODE ANN. § 101.101 (Vernon 1997)

The record is undisputed that the City conducted an on-the-spot investigation on the same day of the accident in which Appellant was injured. The results of this investigation were put into a written report that was signed by both an airport employee and his supervisor. This report was filed with the City. The report contains a concise description of the accident, notes that Appellant's right leg was injured, and that he had been transported to a hospital by ambulance. The report also contains Appellant's name, address, telephone number, date of birth, race, and sex, and the names and addresses of Ms. Kara Endsley (whose luggage fell on Appellant), and Mr. Albert Rodriquiz, Jr., a witness.

■ Appellant contends the City had actual notice of his claims due to the report made by the airport personnel above named.

We agree and hold that the City had actual notice of the accident under Section 101.101(c) and indeed had investigated the occurrence. The investigation and report prepared by the City's employee gave actual notice to the City that Appellant had received some injury in an accident on October 6, 1993, at the airport operated and maintained by the City. Thus the notice requirements under (a) and (b) of Section 101.101 did not apply.

We hold that since the City had actual notice of the occurrence and any dismissal by the trial court for lack of notice would not have been proper.

■ However, the City's plea to the jurisdiction *further alleged that Appellant had failed to plead a cause of action under the TTCA.* Before the State of Texas granted the limited waiver of sovereign immunity in the TTCA, the State and its agencies and political subdivisions had full immunity from liability for torts. *State v. Brannan,* 111 S.W.2d 347 (Tex.Civ.App.—Waco 1937, writ ref'd). The State and its political subdivisions retain that immunity except to the extent waived by the TTCA. *Duhart v. State,* 610 S.W.2d 740 (Tex.

1980); *Wyse v. Dept. of Public Safety*, 733 S.W.2d 224 (Tex.App.—Waco 1986, n.r.e.).

Section 101.021, TTCA, sets out the State's waiver of immunity.

*Governmental Liability.*

A governmental unit in the State is liable for:

(1) property damage, personal injury and death proximately caused by the wrongful act or omission or the negligence of any employee acting within his scope of employment if:

    (A) the property damage, personal injury or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

    (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death caused by a condition or use of tangible personal property or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Section 101.056. *Discretionary Powers*, provides:

This chapter does not apply to a claim based on:

1. The failure of a governmental unit to perform an act that the unit is not required by law to perform; or

2. A government unit's decision not to perform an act or on its failure to make a decision on the performance or non-performance of an act if the law leaves the performance or a non-performance of the act to the discretion of the governmental unit.

■ None of Appellant's alleged omissions that allegedly resulted in negligence falls within the Act's waivers of immunity. In essence Appellant asserts the City should be liable for failing to prevent people from riding the escalator at the airport if they are carrying baggage which they might fail to contain. Appellant's injuries were not caused by an employee of the City through the use of tangible personal property, nor were they caused by a premises' defect. They were caused by the negligence of a third party over whom the City had no custody or control. Appellant has not alleged a cause of action under Section 101.021. *Lamar University v. Doe*, 971 S.W.2d 191, 196 (Tex.App.—Beaumont 1998, no writ); *Dallas Mental Health v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998).

Moreover, Appellant's allegations of the City's acts of negligence involves the City's failure to do certain things which the law does not require it to do, and which are thus discretionary with the City under Section 101.056, *supra*.

■ As noted, Appellant asserted the City was negligent in failing to warn and regulate passengers and baggage transported on the escalator. In order to establish negligence, a plaintiff must allege facts which give rise to a duty, a breach of that duty, and damages proximately caused by the breach. *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex.1995).

■ No legal liability can arise from any alleged negligence where no duty exists. Whether a duty exists is a question of law for the court to decide under the facts and circumstances surrounding the occurrence. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990); *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex.1997).

We hold that the City had no *duty* to perform the alleged acts and further that no negligence is alleged under Section 101.021 of the Act. Appellant failed to plead a viable cause of action under the TTCA, and the trial court did not err in sustaining the City's plea to the jurisdiction, and in dismissing Appellant's lawsuit.

The order of the trial court is affirmed.

Justice VANCE dissenting.

Justice GRAY concurring.

TOM GRAY, Justice, concurring.

This case highlights the need for clarification in Texas law of governmental immunity. There are generally two types of governmental immunity. Immunity from suit and immunity from liability. A plea to the jurisdiction is a proper way to dispose of a case if the governmental entity is immune from suit. As a subdivision of the State of Texas, the City of Houston enjoys the benefits of governmental immunity to the extent it has not been waived.

When suing a governmental entity in connection with a governmental function, which by statutory definition includes the operation of an airport, the plaintiff must show that the entity has waived its immunity and that the claim is within the terms of the waiver. This is most commonly done by alleging a claim under the Texas Tort Claims Act (the Act).

Because I, too, believe that Brown failed to allege a claim under the Act, I join in that portion of Chief Justice McDonald's opinion holding that the trial court's judgment was proper. However, I would also hold that Brown failed to give the notice required by the statute and the City's Charter and therefore failed to invoke the waiver provisions of the Act.

## THE RELEVANT BACKGROUND

Brown alleges that his right leg was injured while riding down an escalator at Houston's Bush Intercontinental Airport. Just after the incident, airport personnel investigated the occurrence and filled out an accident report. The accident report was signed by the airport employee who investigated the incident and by a reviewing supervisor. The report was filed with the City of Houston. Just less than six months after the incident, Brown sent a letter to the City giving notice of his claim against it. Brown and his wife filed suit just short of 2 years after the incident.

Brown attempted to sue the City, pursuant to the Act. TEX. CIV. PRAC. & REM.CODE § 101.001 (Vernon's 1997). The City filed a Plea to the Jurisdiction asserting that the court lacked subject matter jurisdiction for two reasons; (1) Brown failed to comply with the notice provisions of the City Charter as validated by the Act and (2) Brown failed to plead a claim within the limited waiver of governmental immunity provided by the Act. The trial court granted the Plea to the Jurisdiction and dismissed Brown's claims without specifying the grounds.[1] A motion for summary judgment that had been filed by the City was therefor not decided.

## THE APPEAL

On appeal, Brown asserts that it was error for the trial court to grant the Plea to the Jurisdiction based on failure to comply with the City Charter which contains a 90 day notice provision. Though § 101.101(b) of the Act requires compliance with City Charter notice provisions, Brown asserts that this provision only applies to claims asserted against municipalities operating in their proprietary capacity, while § 101.101(a) requires notice within six months where the claimant seeks to recover for a governmental function under the Act. Thus, Brown contends he was only required to comply with § 101.101(a).

Alternatively, Brown contends that § 101.101(a) and (b) are in conflict. He further contends that because the City Charter creates the conflict in the statute, the claimant should only be required to comply with the six month provision required by the statute. He thus argues that the trial court committed error by requiring compliance with § 101.101(b) of the Act.

Finally, Brown asserts that the trial court erred when it granted the Plea to

---

1. Brown's wife was a party at trial. Her claims were also dismissed. She did not file a notice of appeal.

the Jurisdiction, because it could not have found that the City of Houston did not have actual notice. According to Brown, actual notice was provided by the accident report filled out by the city employees. Alternatively, actual notice was provided by Brown's notice letter which was sent within the six month period required by § 101.101(a) of the Act.

Chief Justice McDonald holds, and I agree, that Brown's pleading failed to state a claim under the Act, thus I concur in the judgment. I would also affirm the trial court's judgment on the alternative basis that there was no error in sustaining the City's plea to the jurisdiction because of lack of notice required by § 101.101 of the Act. Chief Justice McDonald's opinion for the court holds there was actual notice. I will explain my disagreement with that analysis. Because Justice Vance has filed a dissenting opinion on the pleading issue, I write separately to address that issue. I will address the pleading issue first and then the notice issue.[2]

## IS FAILURE TO PLEAD A CAUSE OF ACTION UNDER THE TORT CLAIMS ACT A JURISDICTIONAL DEFECT?

When suing the State of Texas or a political subdivision thereof for a claim arising out of a governmental activity, is the failure to plead a cause of action under the Texas Tort Claims Act a jurisdictional defect? The ability to raise a plea to the jurisdiction based upon failure to plead a claim within the waiver provisions of the Act is of vital importance to the State and all political subdivisions. A denial of a plea to the jurisdiction can be immediately appealed. TEX. CIV. PRAC. REM.CODE § 51.014(a)(8). However, if failure to plead a claim within the waiver provisions of the Act is simply another defense which must be pleaded and proven, it can only be challenged by a motion for summary judgment or motion to dismiss (for failure to state a claim). There is no method to immediately appeal a denial of either of these motions. Thus the political subdivision must incur all the expenses of a full trial before it can have the trial court's decision reviewed.

The legislature has clearly expressed its intention to allow interlocutory review of pleas to the jurisdiction. TEX. CIV. PRAC. REM. CODE § 51.014(a)(8). Because I believe it was the legislature's intent to prevent the needless waste of public funds to endure an entire trial before appellate review of whether a claim is proper under the limited waiver of governmental immunity of the Act, I would hold that pleading a valid claim under the waiver of the Act is jurisdictional and not merely another garden variety defense. As a jurisdictional defect, it is the proper subject of a plea to the jurisdiction, the denial of which can be immediately appealed. As applied to this case, unlike the dissent, I conclude that it is a proper basis for sustaining the trial court's order dismissing Brown's claims.

**2.** The City's plea to the jurisdiction was based on two grounds. First, failure to give proper notice. Second, failure to plead a cause of action within the waiver of governmental immunity. The trial court sustained the City's plea to the jurisdiction. The trial court's judgment does not specify the basis upon which it was sustained. Brown has only attacked the basis of inadequate notice.

Brown has not challenged the possibility that the trial court's ruling was on the alternative theory that Brown failed to plead a cause of action within the jurisdiction of the trial court. Brown contends the pleading defect was part of the City's motion for sum-

mary judgment. He contends the plea to the jurisdiction was based only on the issue of timely notice. The pleadings show otherwise. The plea to the jurisdiction was also based upon the failure to state a claim under the Act that was not barred by governmental immunity. Having failed to challenge the alternate basis of the trial court's ruling, Brown has failed to preserve error. *San Jacinto River Authority v. Duke*, 783 S.W.2d 209, 209–210 (Tex.1990); *Langston v. Eagle Printing Co.*, 797 S.W.2d 66, 71 (Tex.App.—Waco 1990). However, in the interest of justice we have addressed the merits of the issues.

## TRIAL COURT HAD NO JURISDICTION

In an almost unbroken line of cases dating back to at least 1847, governmental immunity in Texas has been considered jurisdictional. *Hosner v. DeYoung*, 1 Tex. 764 (1847). A trial court simply has no jurisdiction to entertain a claim against the State or a political subdivision arising out of a governmental function unless immunity from suit has been waived by the legislature. Like other subject matter jurisdiction issues, lack of jurisdiction can be raised at any time. The aberration in the line of cases is *Davis. Davis v. City of San Antonio*, 752 S.W.2d 518 (Tex.1988). *Davis* held that you could waive the "defense" of governmental immunity, and that it was not jurisdictional and thus could not be raised for the first time on appeal. *Davis v. City of San Antonio*, 752 S.W.2d at 519.

*Davis* is distinguishable. At the very least, it should be limited to its facts. In *Davis* the issue of the trial court's jurisdiction was not raised before appeal. In our case, failure to plead a cause of action within the governmental immunity waiver of the Act was specifically raised in a pretrial motion. Thus *Davis* is distinguishable on its procedural facts.

Why *Davis* held that failure to state such a claim was not jurisdictional is not clear. I cannot explain *Davis* or reconcile it with the other decisions of the courts of this State. Courts before and after *Davis*

have addressed this issue in the context of a plea to the jurisdiction.[3] In this case, Brown's pleading was specifically challenged by a plea to the jurisdiction. I concur in Chief Justice McDonald's analysis that Brown's amended pleading failed to allege a claim within the waiver of governmental immunity of the Act.

Because governmental immunity has not been waived to the claims plead by Brown, and because the issue was properly presented to the trial court by a plea to the jurisdiction, the trial court properly sustained the plea to the jurisdiction and dismissed Brown's suit.

## THE NOTICE REQUIREMENT

In order to sue any governmental unit, including a municipality, under the Act, the party bringing suit is required to comply with the notice provision found in § 101.101. TEX. CIV. PRAC. & REM.CODE ANN. § 101.101 (Vernon 1997). *City of Houston v. Torres*, 621 S.W.2d 588, 590 (Tex.1981). Where a cause of action derives from a statute, the statutory provisions are mandatory and exclusive and must be complied with; otherwise, the action is not maintainable because the court lacks jurisdiction. *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891 (Tex.1986). Accordingly, a party seeking to bring suit under the Act must provide notice as required by the statute. Failure to comply with the statute will bar the claim. *Smith v. City of*

**3.** CASES BEFORE *DAVIS: Duhart v. State*, 610 S.W.2d 740, (Tex.1980); *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976); *Missouri Pacific R. Co. v. Brownsville Nav. Dist.*, 453 S.W.2d 812 (Tex.1970); *State v. Dickerson*, 174 S.W.2d 244, 141 Tex. 475 (1943); *State v. Morgan*, 170 S.W.2d 652, 140 Tex. 620 (1943);*Bishop v. State*, 577 S.W.2d 377 (Tex.Civ.App.—El Paso 1979, no writ.); *Cuddy v. Texas Dept. of Corrections*, 578 S.W.2d 522, (Tex.Civ.App.—Houston [14ᵗʰ Dist.] 1979, writ ref'd n.r.e.); *Calhoun v. Pasadena Independent School District*, 496 S.W.2d 131 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ. ref'd n.r.e.); *Brooks v. State*, 68 S.W.2d 534 (Tex.Civ.App.Austin 1934, writ. ref'd).

CASES AFTER *DAVIS: Federal Sign v. Texas Southern University*, 951 S.W.2d 401 (Tex. 1997); *Hencerling v. Texas A & M University*, 986 S.W.2d 373, 375 (Tex.App.—Houston [1st Dist.] 1999, pet. filed); *Brinkley v. Texas Lottery Com'n*, 986 S.W.2d 764, 772 (Tex.App.—Austin 1999, no pet. h.); *Lamar University v. Doe*, 971 S.W.2d 191 (Tex.App.—Beaumont 1998, no writ.); *City of Houston v. Morua*, 982 S.W.2d 126 (Tex.App.—Houston [1 ˢᵗ Dist.] 1998, no pet.); *Holder v. Mellon Mortg. Co.*, 954 S.W.2d 786, 804 (Tex.App.—Houston [14ᵗʰ Dist.] 1997, pet. granted); *Green Intern., Inc. v. State*, 877 S.W.2d 428 (Tex.App.—Austin 1994, writ denied); *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736 (Tex.App.—Austin 1994, writ denied).

*Houston,* 960 S.W.2d 326 (Tex.App.— Houston (14th Dist.) 1997, no pet.); *Grounds v. Tolar Indep. Sch. Dist.,* 707 S.W.2d at 891; *City of Houston v. Torres,* 621 S.W.2d at 590.

## GENERAL SIX MONTH NOTICE REQUIREMENT

The Texas Civil Practice and Remedies Code provides that a governmental unit is entitled to receive notice of a claim against it not later than six months after the day that the incident giving rise to the claim occurred. TEX. CIV. PRAC. & REM.CODE ANN § 101.101(a) (Vernon 1997). This notice must describe the damage or injury claimed, the time and place of the incident, and the incident. *Id.* § 101.101(a)(1)-(3). The City does not dispute that Brown complied fully with 101.101(a) in providing a notice letter within the six month requirement of that section.

## NOTICE REQUIREMENT FOR MUNICIPALITIES

The Act has a special notice requirement if the claimant is suing a municipality. Where the governmental unit is a municipality, proper notice under the Act also requires compliance with a city's charter and ordinance provisions where the city's notice requirement is within a charter period permitted by law. TEX. CIV. PRAC. & REM.CODE ANN § 101.101(b) (Vernon 1997); *City of Houston v. Torres,* 621 S.W.2d at 590. Brown contends this notice provision only applies to proprietary functions.

## Does 101.101(b) Apply Only to a City's Proprietary Functions?

In 1969, the 61st legislature passed what is now codified as § 101.101(b). The session law contains the following language;

> Provided, however, except where there is such actual notice, charter and ordinance provisions of cities requiring notice within a charter period permitted by law are hereby *expressly ratified and approved.*

Texas Tort Claims Act, 61st Leg., p. 874, ch. 292, § 16, 1969, Tex. Gen. Laws (emphasis added). When the legislature codified Chapter 101 of the Civil Practice and Remedies Code, it did not substantially alter the language of the 61st legislature.

In 1987, the Legislature amended the Act to include § 101.0215, **Liability of a Municipality,** which includes a list of governmental functions for which a municipality can be held liable under the waiver provisions of the Act. While the list is not considered exhaustive, it includes the operation of "airports." TEX. CIV. PRAC. & REM. CODE ANN § 101.0215 (10) (Vernon 1997 & 1999). The section goes on to include a non-exhaustive list of proprietary functions of a municipality to which "this chapter does not apply" thus taking the person seeking redress for a claim arising from a proprietary function out of the Act. Claimants retain all common-law causes of action against a municipality for injuries caused in the performance of a municipality's proprietary functions. *Lawrence v. City of Wichita Falls,* 906 S.W.2d 113, 115 (Tex.App.—Ft. Worth 1995, writ denied). The Act applies to the governmental function of operating an airport, as in this case.

The legislature ratified the charter and ordinance provisions of cities in the State of Texas by enacting § 101.101(b). The Act does not apply to proprietary claims. Under a plain reading of the statute, it is clear that if notice under 101.101 pertains to notice for claims brought under the Act and the operation of an airport is a function covered by the Act, a claim under the Act must also comply with subsection (b) of 101.101. Thus, subsection (b) of 101.101 should be read as part of the entire chapter which ratifies the notice provisions required by a city charter.[4]

The Act does not place requirements upon a city charter and ordinance except to require that such notice is "within a

---

4. This is not to say that someone asserting a proprietary claim against a municipality does not have to comply with a city's charter provision. The notice requirement for a proprietary claim is simply not part of the Act.

charter period permitted by law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(b) (Vernon 1997). Brown has not challenged the validity of the City's charter provision. Where a claimant specifically sues a municipality under the Act, all provisions of the Act apply. To read § 101.101(b) of the Act as a notice provision only for actions brought outside of the Act (proprietary functions) as Brown contends, would make sub-part (b) pointless. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 292 (Tex.1995).

## CHARTER NOTICE REQUIREMENT

The Texas Supreme Court has specifically held that notice required by a city charter must be provided. *City of Houston v. Torres*, 621 S.W.2d 588 (Tex.1981). In *Torres*, action was instituted against a city for injuries sustained when a letter carrier stepped into an uncovered residential water meter receptacle. *City of Houston v. Torres*, 621 S.W.2d at 589. Torres brought his claim under the Act. *Id.* at 590. The same charter provision at issue in this case was also at issue in *Torres*. The sole question presented was whether Torres was excused from giving the City notice of injury in writing within ninety days after such injury was sustained as required by the City Charter. *Id.* at 590. The Supreme Court held that Torres was required to give the City notice in accordance with its 90 day provision. The Supreme Court noted that Texas authorities have consistently recognized that compliance with such charter provisions is mandatory and that timely filing of a written notice of claim is a condition precedent to maintenance of a suit against a municipality for injuries. *Id.* at 590; *see LaBove v. City of Groves*, 608 S.W.2d 162 (Tex.1980); *Roberts v. Haltom City*, 543 S.W.2d 75 (Tex.1976); *McCrary v. City of Odessa*, 482 S.W.2d 151 (Tex.1972); *Phillips v. City of Abilene*, 195 S.W.2d 147 (Tex.Civ.App.Eastland 1946, writ ref'd). When the Legislature enacted the Act it specifically ratified and approved city charter provisions requiring notice of a claim for injury to persons or property.

*Id.* at 590. This made them applicable to governmental as well as proprietary functions.

### The Houston Courts

Both appellate courts in Houston have also held the notice provisions in city charters and ordinances are mandatory. In *Dinh*, the court states that city notice requirements are ratified by the Act under 101.101(b). *Dinh v. Harris County Hosp. Dist.*, 896 S.W.2d 248, 253 (Tex.App.— Houston [1st Dist.] 1995, writ dism'd w.o.j.). The court held that once a party invokes the procedural devices of the Act to bring a cause of action, they are bound by the limitations of the Act including the notice provision. *Id.* In order to comply with the Act, the party must comply with both subsections (a) and (b) of the Act.

The Court of Appeals for the 14th District has also held the notice provisions of 101.101 must be complied with in order to bring a claim under the Act. In *Smith v. City of Houston*, an automobile passenger sued the city and a city employee for injuries sustained in a collision with a vehicle driven by an employee. *Smith v. City of Houston*, 960 S.W.2d 326 (Tex.App.— Houston (14th Dist.) 1997 no writ.). Before the appellate court reached the issue of actual notice, it first determined the notice issue of § 101.101(a) and (b). *Smith v. City of Houston*, 960 S.W.2d at 328. The claimant, Smith, had not complied with the 90 day notice provision contained in Houston's City Charter. The court stated, "The Tort Claims Act ratifies a city's charter and ordinance provisions requiring notice within a charter period permitted by law. These notice provisions are akin to statutes of limitation, and suit is precluded if they are not complied with." *Id.* The holdings of both courts of appeal of Houston, and the Supreme Court comport with the legislative intent of the Act and 101.101(b). Brown did not comply with § 101.101(b) as a matter of law. He must therefore show actual notice or his claim is barred.

## ACTUAL NOTICE

Having found that Brown did not comply with the city charter notice requirement as a matter of law, the issue becomes: Was there actual notice under subsection (c)?

The Act provides that the notice, including actual notice, must reasonably describe the injury claimed, the time and place of the incident and the incident. The specific wording of the statute is as follows:

§ 101.101  Notice

(a) A governmental unit is entitled to receive notice of a claim ... The notice must reasonably describe:

(1) the damage or injury claimed;

(2) the time and place of the incident; and

(3) the incident. . . .

(c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

TEX. CIV. PRAC. & REM.CODE § 101.101(a) and (c) (Vernon's 1997). The City is entitled to the same notice under subsection (c) as it would have received under subsections (a) and (b).

Although not readily apparent on the face of the statute, the Supreme Court has construed the statute to include a description of how or why the governmental entity is responsible for the claim. Thus in order to impart actual notice to a governmental unit, the Supreme Court of Texas requires that there must be knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995).

Brown contends that the City had actual notice of his claims due to a report made by airport personnel on the day of the incident. The report contained a concise description of the accident which noted that Brown's right leg was injured when he was struck by another person's falling suitcase, that first aid was not administered, and that he had been transported to a hospital by ambulance. The identity of witnesses and persons involved were also contained in the report. The report was signed by the airport employee and his supervisor, and filed with the City.

While the report shows that an injury was sustained from the possible fault of another person and names the parties involved, there is no suggestion of any act of the City that caused or contributed to the injury which can be shown from the report and which would have provided actual notice to the city of its alleged fault in causing the injury. Brown's notice does not meet the second prong of the *Cathey* test, that the notice must identify the City's fault in producing or contributing to the injury. The report does not show that the City or its employees should have known from the report that it was more likely than not the cause of the plaintiff's injuries. *Dinh v. Harris County Hosp. Dist.*, 896 S.W.2d at 253; *See Collier v. City of Texas City*, 598 S.W.2d 356, 358 (Tex.Civ. App.—Houston [14ᵗʰ Dist.] 1980). Because Brown failed to comply with the notice provisions required by the Act, the suit against a governmental subdivision of the State of Texas was not within the subject matter jurisdiction of the court. The City's plea to the jurisdiction was properly sustained on this ground.

### CONCLUSION

For the reasons stated, I would affirm the trial court's judgment, which sustained the City's plea to the jurisdiction, on both of the grounds raised in the plea.

BILL VANCE, Justice, dissenting.

I agree with Chief Justice McDonald on the disposition of the "actual notice" question. I disagree with the remainder of the opinion.

The City of Houston filed a plea to the jurisdiction and a motion for summary judgment. The plea to the jurisdiction asserted that the court lacked subject matter jurisdiction because (1) the Browns failed to plead an exception to the City's governmental immunity because they did not allege an act or omission falling within the purview of the Texas Torts Claims Act ("TTCA") and (2) the claims were barred as a matter of law for failure to give proper notice. The Motion for Summary Judgment asserted that, as a matter of law: (1) the City owed no duty to the Browns; (2) governmental immunity barred the claim; and (3) if governmental immunity were waived, the Browns could not prove the elements of an "ordinary premises defect." The City filed Special Exceptions to the Browns' Original Petition alleging that they had not alleged a cause of action under the TTCA. The Browns filed a response to the City's plea to the jurisdiction addressing only the question of adequate notice.

Although the court granted the plea to the jurisdiction, its order did not specify the grounds. It simply stated: "It is, therefore, ORDERED that Defendant City of Houston's Plea to the Jurisdiction is SUSTAINED and this cause is ordered DISMISSED." The court never ruled on the motion for summary judgment.

Governmental immunity protects the State from being sued absent legislative consent. *Federal Sign v. Texas Southern Univ.,* 951 S.W.2d 401, 405 (Tex.1997). When the State is made a defendant in a suit without legislative consent, a plea to the jurisdiction based on governmental immunity should be sustained. *State v. Lain,* 162 Tex. 549, 349 S.W.2d 579, 582 (Tex.1961). In a non-TTCA suit, the court lacks jurisdiction to maintain the suit if the plaintiff did not obtain legislative consent. *Id.; Liberty Mutual Ins. Co. v. Sharp,* 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied).

By enacting the TTCA, the legislature waived the State's immunity in certain sit-

uations. The question before us is whether failing to state a claim under the TTCA is a jurisdictional defect subject to a plea to the jurisdiction as it would be if the claim fell outside the TTCA and the plaintiff had not obtained consent to sue the State. I believe it is not.

I acknowledge that the Beaumont Court has held that the failure to plead within the TTCA is subject to a plea to the jurisdiction. "A mere pleading of waiver of governmental immunity does not constitute, for subject matter jurisdiction purposes, a waiver of such immunity." *Lamar Univ. v. Doe,* 971 S.W.2d 191, 196 (Tex.App.—Beaumont 1998, no pet.). Thus, the Court held that where the pleadings do not allege a premises defect, condition or use of tangible personal property, or use of a motor vehicle, the plaintiffs "failed to provide the trial court with subject matter jurisdiction by failing to plead a cause of action under the [TTCA]." *Id.* at 197. The Court granted the University's plea to the jurisdiction. *Id.* I disagree with that decision.

The Texas Supreme Court offers guidance. In *Duhart v. State,* 610 S.W.2d 740, 742 (Tex.1980), the plaintiffs sued the State under the TTCA for exemplary damages in a wrongful death suit even though the Act expressly disallowed exemplary damages. The State asserted governmental immunity and filed special exceptions and a plea in abatement. *Id.* at 740. The trial court dismissed the cause for want of jurisdiction after the plaintiffs refused to amend. *Id.* The Supreme Court upheld the trial court's dismissal for want of jurisdiction, finding that the legislature had not waived the State's immunity for exemplary damages.

The Supreme Court clarified *Duhart* in *Davis v. City of San Antonio,* 752 S.W.2d 518, 520 (Tex.1988). In *Davis,* a city employee sued for defamation, civil rights violations, conversion, and malicious prosecution. *Id.* at 519. The trial court directed a verdict for the city on all of the causes

of action except malicious prosecution. *Id.* The court granted a judgment n.o.v. on the malicious prosecution action based on governmental immunity. The city, however, had never pled governmental immunity. The question was whether governmental immunity is a defense that can be waived.

The city argued that governmental immunity is different from other defenses because the trial court lacks jurisdiction if the claim lies outside the legislature's waiver of immunity. *Id.* at 520. The Supreme Court rejected this argument, clarifying *Duhart:*

> We do not read our opinion in *Duhart* as holding that the trial court lacked subject matter jurisdiction of the case. and that any judgment rendered for the plaintiff would have been void. We further perceive no unfairness in requiring governmental units to plead their immunity in order to avoid liability on that ground. By enactment of the Tort Claims Act in 1973, the Texas Legislature expressly waived immunity to suits by injured claimants and consented to liability under specified circumstances. We conclude that sovereign immunity may not be asserted as a jurisdictional obstacle to the trial court's power to hear cases against governmental defendants. Instead, erroneous judgments against governmental units may be corrected, as in other cases, on appeal.

*Id.*

As I understand the *Davis* holding, because the TTCA waives immunity in certain circumstances, failing to allege facts that show a waiver of governmental immunity under the TTCA is not a defect that deprives the court of subject matter jurisdiction. *See id.* Rather, the claim of governmental immunity must be asserted by special exception or by a motion for summary judgment.

Here, the City asserted that the Browns had not pled a cause of action within the limited waiver of immunity provided by the TTCA. Because the *Davis* opinion holds that a pleading defect is not a juris-

dictional defect, I believe the proper vehicle was the City's summary-judgment motion, which the court never reached. On remand, the City may be able to establish as a matter of law that the Browns have failed to state a cause of action under the TTCA, but the dismissal for want of jurisdiction was improper. I would reverse the dismissal order and remand the case to the trial court for further proceedings.